374 So.2d 241 (1979)
Curtis BROWN, Sr. et al.
v.
N.S. ESTESS et al.
No. 51315.
Supreme Court of Mississippi.
August 22, 1979.
Nobles & Ferguson, James W. Nobles, Jr., Jackson, John W. Christopher, Canton, for appellants.
Heidelberg, Woodliff & Franks, Sam E. Scott, Jackson, for appellees.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
Curtis Brown, Sr. and Maxine Brown, individually and as administratrix of the Estate of George Brown, and other statutory beneficiaries, the appellants herein, brought this wrongful death action in the Circuit Court of Madison County, Mississippi, against the individual members of the Board of Directors of the Madison County Cooperative and its general manager, N.S. Estess, alleging that the negligence of the appellees was the proximate cause of the death of George Brown. The suit arose out of the death of George Brown, son of Curtis and Maxine Brown, who suffocated on December 29, 1975, in a soybean bin while in the course of his employment at Madison County Cooperative. Appellees' defense, in part, was that suit against them was precluded by Mississippi Code Annotated section 71-3-9 (1972) which they alleged provides compensation under the Mississippi Workmen's Compensation Act as an exclusive remedy. The lower court overruled a demurrer, but, at the conclusion of the appellants' case, sustained a motion for a directed verdict on behalf of the appellees because, in his opinion, the plaintiffs had failed to make out a case of negligence. From this action of the trial court, this appeal is being prosecuted only as the court's ruling pertained to N.S. Estess, *242 general manager of the Madison County Cooperative.
Before this court need consider whether the appellants failed to make a prima facie case of negligence against Estess, we must first determine as a matter of law whether the Workmen's Compensation Act provides an exclusive remedy for the appellants herein and serves as a bar to this action against Estess.
In McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978), this Court, in a well-reasoned decision by Justice Sugg, addressed the question of whether workmen's compensation was the exclusive remedy of an employee who suffered a work-related injury as a result of the negligence of a coemployee.
In holding that McCluskey's exclusive remedy was under the Act, this Court said:
The Workmen's Compensation Act was designed to compensate victims of industrial accidents and aid in their rehabilitation and restoration to health and vocational opportunity. Section 71-3-1 Mississippi Code Annotated (1972). The Workmen's Compensation Act represents a wide departure from common law because the Act precludes a common law tort action by an employee against his employer but, in return, assures the employee an award without the necessity of showing fault or negligence on the part of the employer. The legislature has substituted a no-fault compensation system to replace the common law action by employees against employers and thus determined that the cost of this no-fault compensation should be borne by the employing industry. This brings into play the concept of enterprise liability and logically places the burden of providing compensation for industrial injuries upon the employer. Compensation for industrial injuries is rightfully placed upon the employer because, (1) industrial injuries are causally related to the fact of employment, and (2) the employer is in a position to pass this cost to society in the form of higher prices.
If the plaintiff in this action is permitted to recover from the fellow servants of the deceased employee, the employer and carrier would be fully reimbursed for all benefits paid the statutory beneficiaries of the deceased employee. This would effectively transfer the ultimate burden of providing compensation from the industry, where it belongs, to fellow servants, where it does not belong. (363 So.2d 256, 259).
Appellants first contend that to apply McCluskey to the case sub judice, would deny to the survivors of the deceased due process of law as guaranteed by Section 24 of the Mississippi Constitution of 1890 and the Fourteenth Amendment of the Constitution of the United States.
We held in Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433 (1954), that the Mississippi Workmen's Compensation Law does not violate section 24 of the State Constitution, which provides that "All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay," nor the Fourteenth Amendment to the United States Constitution.
The issue now before this Court is whether a corporate officer, the general manager, is immune from liability in a common law tort action brought against him by the survivors of a deceased employee because of his alleged negligence which contributed to the employee's death during the course of his employment.
It is this Court's opinion that the purpose, spirit and philosophy of the Workmen's Compensation Act is to make compensation the exclusive remedy of the employee where he is injured by the employer or any of its employees during the course of his employment.
Our holding in McCluskey prohibited recovery by an injured employee against his fellow employee; and, we are unable to draw a distinction between fellow employees and a corporate officer such as a general *243 manager as was Estess. We do not believe that the legislature intended that officers or agents conducting the business of the employer were to be treated any differently than other fellow employees.
To hold otherwise would, in a large measure, defeat the very purposes for which our Workmen's Compensation Act was enacted. Instead of transferring from the worker to the industry or business in which he is employed and then ultimately to the consuming public, a greater proportion of the economic loss due to accidents sustained by him arising out and in the course of his employment would, under the provisions for subrogation contained in our Workmen's Compensation Act, Mississippi Code Annotated section 71-3-71 (1972), be transferred to those conducting the business of the employer to the extent of their solvency. There is no logical reason why this class of persons should underwrite the economic loss.
Therefore, we hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation comes within the purview of the Mississippi Workmen's Compensation Act, Mississippi Code Annotated section 71-3-9 (1972) and is entitled to the immunity it provides.
The order of the circuit court granting a directed verdict in the defendant's favor is hereby affirmed for the reasons stated herein.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.