418 So.2d 823 (1982)
David DOUBLEDAY
v.
BOYD CONSTRUCTION COMPANY.
No. 53239.
Supreme Court of Mississippi.
August 25, 1982.
Rehearing Denied September 8, 1982.
*824 Townsend, McWilliams & Holladay, Robert Lawson Holladay, Drew, Lawrence W. Vaughn, Southaven, for appellant.
Lundy & Lundy, Mitchell M. Lundy, Sr., Grenada, for appellee.
En Banc.
PATTERSON, Chief Justice, for the Court:
David Doubleday filed a personal injury suit in the Circuit Court of Grenada County against Boyd Construction Company, a general contractor (hereinafter "Boyd"), and others. He alleged that Boyd failed to provide a reasonable means of warning traffic on the project in which he was engaged, which negligence proximately caused him to be struck and injured by an automobile.
Boyd was the prime contractor on a construction project for the Mississippi Highway Department in Grenada County and had subcontracted with W.T. Ratliff Co., Inc. (hereinafter "Ratliff") to execute a portion of the construction work. In the subcontract with Ratliff, Boyd required workmen's compensation insurance to be carried for the protection of the subcontractor's employees and compensation benefits were paid by Ratliff's insurance carrier to Doubleday for the injuries he sustained while employed by Ratliff.
On motion, the trial court dismissed Doubleday's declaration ruling that Boyd, the prime contractor, was a statutory employer of the employees of Ratliff, the subcontractor. Therefore the court held the exclusive remedy available to Doubleday against Boyd for his injuries was workmen's compensation benefits. The other defendants were dismissed either voluntarily or on demurrer.
The issue we are called upon to decide is whether a general contractor may be sued as a third party in common law negligence by an employee of a subcontractor who has workmen's compensation insurance. In dismissing appellant's suit against Boyd, the trial court relied on Miss. Code Ann. § 71-3-7 (1972) and Mosley v. Jones, 224 Miss. 725, 80 So.2d 819 (1955), in concluding that Boyd was the statutory employer of Doubleday and was immune from suit.
In Mosley, supra, one Jones brought a personal injury suit against B & M Construction Co. (Mosley) based on its negligence in the construction of a scaffold which fell, severely injuring Jones. Chaney, a subcontractor of Mosley, had hired Jones as a plasterer in furtherance of his subcontract. Chaney did not have workmen's compensation insurance for its employees. Mosley argued that workmen's compensation benefits was Jones' exclusive remedy against it because Mosley had procured workmen's compensation insurance for the employees of Chaney, the subcontractor. This Court held that Mosley was the statutory employer of Jones and that his exclusive remedy was workmen's compensation benefits. This determination was stated to be dependent upon four factual issues:

*825 This conclusion depends upon four ultimate factual issues: (1) Whether Chaney was a plastering subcontractor under Mosley and Bowers; (2) whether Jones was an employee of the subcontractor Chaney; (3) whether under Section 6998-03 Chaney had regularly in his business eight or more employees when Jones was injured; and (4) whether the subcontractor Chaney had failed to secure compensation insurance for his employees. 224 Miss. at 732, 80 So.2d at 821.
Mills v. Barrett, 213 Miss. 171, 56 So.2d 485 (1952), dealt with a similar factual situation in that the subcontractor did not provide workmen's compensation insurance for the protection of its employees. We held the language of the statute was unambiguous and had the legislative intended effect of making the employees of a subcontractor, who did not carry compensation insurance, the employees of the general contractor for the purposes of the compensation act. The primary intention of the statute was held to be for the protection of employees of independent contractors or subcontractors who were not financially responsible and this laudable purpose was aided by preventing general contractors from relieving themselves of workmen's compensation responsibility by shifting it to others.
The appellant argues there is a distinction between the present case and Mosley and Mills, supra, in that there is no dispute that Ratliff had "secured" compensation for its employees. He contends this relieved the appellee of the responsibility of procuring compensation, and thus, Boyd was not entitled to the status of a statutory employer.
Although Miss. Code Ann. § 71-3-9 (1972), dictates workmen's compensation as an employee's exclusive remedy against his employer, Miss. Code Ann. § 71-3-71 (1972), grants the employee or his dependents the right to sue at law "any other party." The question thus becomes one of determining who is a "third party" within the meaning of the statute. The section which we must construe is Miss. Code Ann. § 71-3-7 (1972), which states in part:
Every employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions.
In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.
This Court has held in several cases that workmen's compensation benefits are the exclusive remedy of an injured employee. We were of the opinion that immunity from a common law negligence suit extends not only to employers; but also to co-employees, McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978); corporate officers, Brown v. Estess, 374 So.2d 241 (Miss. 1979); dual employment cases, Ray v. Babcock & Wilcox Co., Inc., 388 So.2d 166 (Miss. 1980); agency cases, Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (Miss. 1965); and situations where a subcontractor carries no insurance for the protection of their employees, Mosley v. Jones, 224 Miss. 725, 80 So.2d 819 (1955), Mills v. Barrett, 213 Miss. 171, 56 So.2d 485 (1952). The reason for extending immunity from suit in those particular situations was that the intention and philosophy of the workmen's compensation act would be abrogated if the responsibility of carrying compensation insurance could be transferred from a general employer to another. McCluskey, supra. We stated in Stubbs v. Green Brothers Gravel Co., Inc., 206 So.2d 323 (Miss. 1968):
Reason and consistency require that we apply the provisions of the act and the decisions interpreting it with an equal hand, both where coverage is asserted and where the exclusive remedy provisions of the statute are involved. Id. at 325.
In all states, workmen's compensation laws are in derogation of the common law in that they replace traditional negligence actions for a no-fault system of payment to employees and their families for job-related injuries. By the exchange, the remedy of workmen's compensation benefits, insofar *826 as the right of the employee against certain classes of persons are concerned, is exclusive and the common law remedy is abrogated.
This Court has repeatedly held that "any construction given to the workmen's compensation act must be sensible as well as liberal," and "the intent of the legislature must be determined by the total language of the statute and not from a segment considered apart from the remainder." McCluskey v. Thompson, 363 So.2d 256, 259 (Miss. 1979).
With these rules in mind, we must ascertain the legislative intent of Miss. Code Ann. § 71-3-7. As stated, the obvious purpose of the statute is for the protection of employees of subcontractors who do not carry workmen's compensation insurance. It would be paradoxical however, in our opinion, to hold as the appellant entreats that a general contractor risk personal injury judgments in common law suits if he complies with the statute by contractually securing compensation insurance by his subcontractor, but if he lets work to subcontractors who do not comply with the act, then his liability is limited to the sums provided by the act. We do not think the legislature intended such an improbable result.
Professor Larson speaks to this in 2A Larson, Workmen's Compensation Law, § 72.31(b) (1982), pointing out:
... The object of the "contractor-under" statutes is to give the general contractor an incentive to require subcontractors to carry insurance. But if the general contractor does conscientiously insist on this insurance, his reward, under these cases, is loss of exemption from third-party suit. A sounder result would seem to be the holding that the overall responsibility of the general contractor for getting subcontractors insured, and his latent liability for compensation if he does not, should be sufficient to remove him from the category of "third party." He is under a continuing potential liability; he has thus assumed a burden in exchange for which he might well be entitled to immunity from damage suits, regardless of whether on the facts of a particular case actual liability exists... .
The question is whether the legislature intended to impose upon a general contractor the responsibility of securing workmen's compensation benefits for employees of a subcontractor and if so intended, does this responsibility, when fulfilled, give the general contractor immunity from suit as a third party tortfeasor the same as if the insurance had been provided by the general contractor?
The Florida Supreme Court, deciding this issue[1] in Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950), held:
We hold, therefore, that a contractor is liable for and shall secure compensation to the employees of his subcontractors, even though such contractors have the status of independent contractors, and that if such contractor has in fact, secured such compensation, either directly or indirectly through the subcontractor, the remedy under the Act is exclusive. Id. at 843.
We agree with this decision even though Fla. Stat. Ann. § 440.10 (West 1981) differs somewhat from Miss. Code Ann. § 71-3-7 (1972). It is our opinion the legislature did not intend to subject a general contractor to common law liability if he complied with § 71-3-7 by requiring the subcontractor to have workmen's compensation insurance. It would defeat the purpose of the statute, we think, if such an improbable result followed.
Mosley, supra, reaches the same result. In it Mosley protected itself from common law tort liability by procuring workmen's *827 compensation insurance for the employees of its subcontractor. Boyd accomplished the same end by contractually requiring Ratliff to secure a policy of insurance on its employees. In doing so, we are of the opinion that the appellee "secured" compensation insurance for the benefit of Doubleday within the meaning and purpose of the statute. Therefore, appellee is not, under the circumstances of this case, "any other party" as designated by § 71-3-71, and thus is immune from a common law negligence action.
AFFIRMED.
SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, and PRATHER, JJ., concur.
BOWLING and DAN M. LEE, JJ., dissent.
NOTES
[1] Fla. Stat. Ann. § 440.10 (West 1981). In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment. (Emphasis added).