Doyle NATIONS and Marie Nations,
Plaintiffs-Appellees,

v.

SUN OIL COMPANY (DELAWARE) and
Sun Production Company,
Defendants-Appellants.

No. 82–4041.

United States Court of Appeals,
Fifth Circuit.

May 23, 1983.

D. Gary Sutherland, Hattiesburg, Miss., for defendants-appellants.

C.R. McRae, Pascagoula, Miss., Alfred Lee Felder, McComb, Miss., for plaintiffs-appellees.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

PER CURIAM:

On petition for rehearing, appellee Doyle Nations urges this court to reverse its holding on several grounds. Four arguments require review.

Nations argues that Sun Oil, though it pleaded the statutory employer defense as an alternative affirmative defense, failed to present any evidence in support of the defense. This requires reversal of the panel opinion, he contends. *United States v. Indiana Bonding & Surety Co.*, 625 F.2d 26, 29 (5th Cir.1980). The fact is, Sun Oil never had the opportunity in the second suit to prove the affirmative defense because of the court's application of offensive collateral estoppel.

Nations next contends that this court erred in retroactively applying *Doubleday v. Boyd Construction Co.*, 418 So.2d 823 (Miss.1982). Nations did not raise this issue in his supplemental letter reply brief at the time of oral argument nor in his petitions for rehearing and rehearing en banc. The issue was not raised until Nations filed a brief supplementing his post-decision petitions. Despite a recent decision cautioning against considering issues raised for the first time in reply briefs, *Knighten v. Commissioner*, 702 F.2d 59 at 60 n. 1 (5th Cir. 1983), we will consider the issue because of the unique procedural posture in which this question arises.

Under *Chevron Oil Co. v. Huson,* 404 U.S. 97, 99, 92 S.Ct. 349, 351, 30 L.Ed.2d 296 (1971), decisions are not to be applied retroactively if: (1) the decision to be applied establishes a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) retroactive application will not further the purpose of the rule; and (3) retroactive application could produce substantial inequitable results. *Id.* at 106–107, 92 S.Ct. at 355–356.

*Doubleday* was not a clear change in Mississippi law. It was, however, a first-time application of long-standing statutory law to the facts present here. In that regard, *Doubleday* is best characterized as a development or clarification of existing law. The Mississippi Supreme Court relied upon two older cases, *Mosley v. Jones,* 224 Miss. 725, 80 So.2d 819 (1955), and *Mills v. Barrett,* 213 Miss. 171, 56 So.2d 485 (1952), in reaching its decision. In addition, the court's conclusion accords with a leading hornbook on workers' compensation law. *See* 2A Larson, Workmen's Compensation § 72.31(b) (1982). *Doubleday* did not overrule clear past precedent—it did not specifically reverse any prior cases—nor did *Doubleday* decide an issue of first impression that was not clearly foreshadowed. This decides the question since retroactivity is not at issue if there is no "new law."

Even were we to find that *Doubleday* is "new law," retroactive application would still be proper under the other prongs of *Chevron.* Nations claims injustice because Howell and Falcon, the two men killed at the work site, brought their action first. They won since *Doubleday* was not yet decided. We rejected Sun Oil's challenge to Nations' delay in bringing his action, finding that he had the right to await the full development of his injuries within the statute of limitations period. But the other side of that coin is that should a plaintiff choose to wait, as he may, his case must be decided under the law then current. *Concerned Citizens of Vicksburg v. Sills,* 567 F.2d 646, 649–50 n. 5 (5th Cir.1978). Nations complains that this is unjust because it deprives him of his jury award and it is wrong to award damages to Howell and Falcon and not him. We believe that injustice must be examined in terms of both parties. Aside from Nations' choice not to sue when his coworkers did, we note that Sun Oil required Mississippi Welding to carry workers' compensation insurance. It obviously did so to protect the workers' compensation interests while protecting itself from unlimited tort liability. As this court recently pointed out in *Stretton v. Penrod Drilling Co.,* 701 F.2d 441 (5th Cir. 1983), it is unfair to saddle employers with a liability against which they had no incentive to personally insure themselves. *Id.* at 444.

The last step in the retroactivity analysis is whether the purpose of the rule to be applied is supported by retroactive application. The purposes of this rule are to secure workers' uniform compensation insurance coverage and to protect employers from tort liability when they require their subcontractors to carry such coverage. Those purposes would clearly be supported by retroactive application. *Id.* at 445.

Nations' next argument is that Sun Oil is collaterally estopped from raising the issue of whether it was his statutory employer. At the earlier trial of Falcon and Howell, the issue was raised and decided against Sun Oil. Nations urges that the application of offensive collateral estoppel precludes Sun Oil from raising the affirmative defense again. We disagree.

We are guided by the difference in the scope and philosophy of res judicata and collateral estoppel. Res judicata is a doctrine of legal right. It is a bar against relitigation between parties to an initial suit. Collateral estoppel is an equitable doctrine. Offensive collateral estoppel is even a cut above that in the scale of equitable values. It is a doctrine of equitable discretion to be applied only when the alignment of the parties and the legal and factual issues raised warrant it. The discretion vested in trial courts to determine when it should be applied is broad. *Park-*

*lane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). Its application is controlled by the principles of equity. This court has previously admonished that fairness to both parties must be considered when it is applied. *Johnson v. United States,* 576 F.2d 606, 614 (5th Cir.1978), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). We believe that such dual fairness dictates that *Doubleday* be applied here. For Nations, the application of current law is the result of his delay in bringing suit. His choice to await maturity of all sequela of his injuries and the decision in the Howell and Falcon case resulted in the intervention of the Mississippi Supreme Court's decision. That case laid to rest the central question of Nations' case. For us to ignore that would result in the rendering of a final decision which would obviously wrong Sun Oil under the current and controlling state law. The principles of equitable discretion relevant to both parties prohibit the use of collateral estoppel on the statutory employer question.

Finally, Nations contends that this panel erred in voiding an award of damages to his wife Marie. The error identified by the panel dealt with the discounting of an award to Doyle Nations based upon lost future earnings. Since Marie Nations' award was based solely on pain and suffering, the harmful communication between the judge and jury did not taint her award. Should the district court determine that Sun Oil is not Doyle Nations' statutory employer, then it need only retry his damages.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the Suggestion for Rehearing En Banc is DENIED.