BEATTY, Justice.
This is an appeal by plaintiffs, Clifford Roy Seales, non compos mentis, by and through his wife, Mary Seales, and Mary Seales, individually, from a summary judgment granted in favor of defendants, Wey-erhaeuser Company and eight named co-employees of Seales.
Weyerhaeuser Company (Weyerhaeuser) contracted with Daniel Construction Company (Daniel) for the construction of a paper mill in Columbus, Mississippi. Weyer-haeuser owned the land upon which the mill was to be built and the paper mill was for use by Weyerhaeuser. The contract between Weyerhaeuser and Daniel provided that the “owner [Weyerhaeuser] will procure and continue in force ... and pay premiums” for several types of insurance, including statutory workmen’s compensation and employer's liability insurance “in the name of the Owner, Contractor and Subcontractors.”
*367 Clifford Seales, a resident of Pell City, Alabama, was hired by Daniel as a pipe rigger for the Weyerhaeuser paper mill project. On October 6, 1981, while working on the Weyerhaeuser project, Seales suffered a severe brain injury when the base of a pipejack fell from a crane that was lifting it and struck Seales on the head. Seales received workmen’s compensation benefits under Mississippi law.
One year after being injured, Seales and his wife brought an action in Jefferson Circuit Court against Daniel and this action against Weyerhaeuser, eight co-employees of Seales, and other defendants who are not parties to this appeal. The Seales sought damages for Clifford’s personal injuries and Mary’s loss of consortium and mental distress. Summary judgments were granted in favor of Daniel, Weyer-haeuser, and the co-employee defendants. Clifford Seales appealed the judgment in favor of Daniel to the Court of Civil Appeals and he and his wife appealed the judgments in favor of Weyerhaeuser and the co-employees to this Court. On October 30, 1984, this Court stayed the instant appeal pending the outcome of the appeal before the Court of Civil Appeals. On February 27, 1985, that court affirmed the summary judgment in favor of Daniel, holding that Seale’s injury was not covered by the extraterritorial provisions of the Alabama Workmen’s Compensation Act. Seales v. Daniel Construction Co., 469 So.2d 629 (Ala.Civ.App.1985).
In the present appeal, the plaintiffs concede that, due to the holding of the Court of Civil Appeals, supra, that the Alabama Workmen’s Compensation Act is inapplicable to Clifford Seales’s injury, the portion of this appeal against Clifford Sea-les’s co-employees is moot because the Mississippi Workmen’s Compensation Act forbids suits against co-employees. McCluskey v. Thompson, 363 So.2d 256 (Miss.1978). Thus, the remaining issue in this ease concerns whether summary judgment was proper on the question of Weyerhaeu-ser’s liability. Both sides agree that Mississippi law is to be applied in this case.
In that portion of their complaint against Weyerhaeuser, the Sealeses first alleged that Weyerhaeuser “undertook to supervise and control safety and conduct safety inspections at the site of the occurrence made the basis of plaintiffs’ complaint.” They further alleged that Weyerhaeuser was .negligent or wanton in its supervision and control of safety, as well as in its conduct of safety inspections. Second, the Sealeses alleged that Weyerhaeuser, as owner of the premises, “had the right to control and supervise the methods and manner in which work was to be performed,” and further alleged that Weyer-haeuser was negligent or wanton in its control and supervision of these work methods. In its brief in support of its motion for summary judgment, Weyer-haeuser argued that it was entitled to immunity from suit under its interpretation of cases construing provisions of the Mississippi Workmen’s Compensation Act.
Although plaintiffs raise other issues, we agree with the assessment of both sides that the determinative issue in this appeal is whether Weyerhaeuser is a third-party amenable to suit within the meaning of the Mississippi Workmen’s Compensation Act. The pertinent provisions of that Act are set out below:
“§ 7 — 3—7(d)
“In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.”
“§ 71-3-9
“The liability of an employer to pay compensation-shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, ánd anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death....”
“§ 71-3-71
“The acceptance of compensation benefits from or the making of a claim for *368 compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death....”
Miss.Code Ann.1972.
Weyerhaeuser argues that, because it provided workmen’s compensation insurance for Daniel’s employees, from which insurance Seales received benefits, Weyer-haeuser is not “any other party” under § 71-3-71, supra, and is, in fact, immune from suit. Weyerhaeuser concludes that it is immune by analogizing this case to those involving contractors who have provided, or have required their subcontractors to provide, workmen’s compensation insurance. In those cases, the Mississippi Supreme Court, construing the scope of the immunity provision, § 71-3-9, supra, has concluded that such a contractor is immune from suit by an employee of a subcontractor. Weyerhaeuser contends that the result should be the same when the parties involved are the owner, the general contractor, and the general contractor’s employee.
Specifically, Weyerhaeuser relies on Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss.1982), and other cases. However, our research has disclosed another very recent case quite similar to the present ease, and in it the Mississippi Supreme Court discusses at length the Doubleday decision but distinguishes it on the facts. That recent decision is Falls v. Mississippi Power & Light Co., 477 So.2d 254 (Miss.1985). In Falls, Mississippi Power and Light Company (Mississippi Power) contracted with the Deviney Company to clear trees, brush, and stumps from a power line right-of-way given Mississippi Power by the National Park Service through a special use permit. Deviney’s employee, Henry Lee Falls, was electrocuted when one of the tree tops he had been cutting fell on a high voltage power line. The plaintiffs in the action for Falls’s wrongful death alleged that Mississippi Power had negligently installed and maintained its power lines. Mississippi Power moved for summary judgment, claiming that, under the special use permit, it became an “owner contractor” and Deviney was its subcontractor. Therefore, Mississippi Power argued, because, its contract with Deviney required Deviney to secure workmen’s compensation insurance, it was immune from a third-party common-law action under the rationale of Doubleday, supra. The trial court agreed and granted summary judgment in favor of Mississippi Power. However, the Mississippi Supreme Court disagreed and reversed. After summarizing its holding in Doubleday, that court went on to distinguish it from the case before the court:
“In Doubleday, the Mississippi Highway Department contracted with Boyd Construction Company as the prime contractor, and Boyd subcontracted work to Ratliff Company, which employed Doubleday. He was injured when struck by an automobile and filed a personal injury suit in the Circuit Court against Boyd Construction Company. This Court held that, where a prime contractor required the subcontractor to secure workmen’s compensation insurance on its employees, the prime contractor ‘secured’ compensation insurance for the benefit of the subcontractor’s employee within the meaning and purpose of the workmen’s compensation statute and was not ‘any other party’ provided by the statute (§ 71-3-71) who could be sued by the employee or his dependents.
“The Doubleday Court quoted the Florida Supreme Court in Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla.1950), which held:
“ “‘We hold, therefore, that a contractor is liable for and shall secure compensation to the employees of his subcontractors, even though such contractors have the status of independent contractors, and that if such contractor has in fact, secured such compensation, either' directly or indirectly through the subcontractor, the remedy under the Act is exclusive. Id. at 843.” ’
*369 “ ‘We agree with this decision even though Fla.Stat.Ann. § 440.10 (West 1981) differs somewhat from Miss. Code Ann. § 71-3-7 (1972). It is our opinion the legislature did not intend to subject a general contractor to common law liability if he complied with § 71-3-7 by requiring the subcontractor to have workmen’s compensation insurance. It would defeat the purpose of the statute, we think, if such an improbable result followed.’
“418 So.2d at 826.
“Nations v. Sun Oil Co., [695 F.2d 933 (5th Cir.1983) ] followed the principle established in Doubleday. However, we think the difference in those cases and the case here is that, on the facts of the present case, appellee was not a prime or general contractor within the meaning of those decisions and the statute.
“In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), the Florida Power Corporation contracted with two different independent contractors for the construction of an extension to one of its offices. The contract recited that they were employed as independent contractors and required each of them to carry workmen’s compensation insurance on their employees. Jones was an employee of one of the independent contractors and was injured in the course of his employment. After collecting workmen’s compensation benefits, Jones filed a common-law personal injury suit against Florida Power Corporation and the other independent contractor, charging them with negligence. The defendants filed motions for summary judgments alleging that they were not third parties within the meaning of the Workmen’s Compensation Act. The summary judgments were granted. The cases were appealed to the Florida Supreme Court, which Court held that the.fact the Florida Power Corporation required the independent contractor to provide workmen’s compensation for those employees was commendable, but irrelevant to a determination of the question presented, and reversed the summary judgment. The Court said:
“ ‘The question is whether the Workmen’s Compensation Act imposed upon the Corporation [Florida Power] the duty, as an ‘employer’ and ‘contractor’, to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tortfeasor.’
“72 So.2d at 287.
“The principle established in Jones was followed by the Florida Supreme Court in West v. Sampson, 142 So.2d 74 (Fla.1962); State v. Luckie, 145 So.2d 239 (Fla.1962); and Florida Power and Light Company v. Brown, 274 So.2d 558 (Fla.1973).
“Appellee MP & L was a permittee under the special use permit granted it by the National Park Service and was required to fulfill certain provisions of that permit in order to exercise same. The permit did not constitute appel-lee/permittee as a general or prime contractor for work to be done by Deviney Company along the right-of-way of appel-lee pursuant to its contract with appellee. We hold that Deviney Company and its employees were not statutory employees of appellee and that no statutory obligation was imposed upon appellee to provide workmen's compensation coverage for Deviney and its employees. Therefore, appellee became a third party and liable to a common-law action claim and was ‘any other party’ within the meaning of § 71-3-71.” (Footnotes omitted.) (Emphasis added.) 477 So.2d at 257.
We find the present case to be substantially the same as Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), the principal case relied upon by the Mississippi Supreme Court in Falls, supra. Here, Weyerhaeuser, like Florida Power Company in Jones, supra, was under no liability to secure workmen’s compensation for Daniel’s employees. While it may be commendable for Weyerhaeuser to have done *370 so, its doing so did not serve to insulate it from suit as a third-party tortfeasor.
Based on the foregoing, we conclude that the trial court erred in granting summary judgment in favor of Weyerhaeuser. Accordingly, the judgment in favor of Weyer-haeuser is due to be reversed and the case remanded for further proceedings as to Weyerhaeuser; the appeal being moot as to the co-employees, the appeal is dismissed as to them.
DISMISSED IN PART; REVERSED IN PART AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON, and HOUSTON, JJ., concur.