511 So.2d 945 (1987)
Estate of Jimmy MORRIS, Thelma Morris, Administratrix
v.
W.E. BLAIN & SONS, INC. and Traffic Control Products, Inc., Jointly and Severally.
No. 56974.
Supreme Court of Mississippi.
August 19, 1987.
Minor F. Buchanan, Jackson, J.E. Boone, New Albany, for appellants.
*946 John C. Henegan, R. Andrew Taggart, Butler, Snow, O'Mara, Stevens & Cannada, Joseph L. McCoy, Lynn Brumfield, McCoy, Wilkins, Noblin & Stephens, Jackson, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and GRIFFIN, JJ.
DAN M. LEE, Justice for the Court:
Thelma Morris, Administratrix of the estate of Jimmy Morris, appeals the entry of summary judgment granted against the estate on behalf of W.E. Blain & Sons, Inc. and Traffic Control Products, Inc., defendants below. Ms. Morris brought suit on behalf of the estate seeking $1.5 million in actual damages and $1.5 million in punitive damages for wrongful death under the authority of Miss. Code Ann. § 11-7-13 (1972 & Supp. 1986).
The decedent Morris died as a result of injuries suffered when he was hit by a car while working construction on a highway project in Hinds County. Blain & Sons was the prime contractor on the project, and Traffic Control Products was a subcontractor, allegedly responsible for providing traffic and warning signs. Morris was employed by A & B Paint Striping, Inc., another subcontractor.
The trial court granted summary judgment in favor of Blain & Sons and Traffic Control Products on the basis of the exclusive remedy provision of the Workers' Compensation law, Miss. Code Ann. § 71-3-9 (1972), and this Court's decision in Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982).

ASSIGNMENT OF ERRORS I & II

THE LOWER COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF THE APPELLEES, TRAFFIC CONTROL PRODUCTS, INC., AND W.E. BLAIN & SONS, INC., RULING THAT THE EXCLUSIVE REMEDY PROVISION OF THE WORKERS' COMPENSATION ACT BARRED ANY RECOVERY IN THIS, A WRONGFUL DEATH ACTION.
For the reasons detailed below, we affirm the summary judgment granted in favor of W.E. Blain & Sons, Inc., but reverse as to Traffic Control Products, Inc.

I. FACTS
July 12, 1984, Jimmy Morris was struck and killed by a car while working near the Bolton interchange of I-20 in Hinds County. He was 39 years old. At the time of his death, Morris was admittedly working in the course and scope of his employment with A & B Paint Striping Co. This day he was part of a two-man team measuring distances for painting lane boundaries and for placement of reflectors marking the lanes.
Morris and a co-worker, Michael Taylor, were working in the area where the traffic merges from the acceleration ramp into the westbound lane of I-20 at the Bolton interchange. Morris was struck by a motorist proceeding down the acceleration ramp.
A & B Paint Striping Co. (hereinafter A & B) was a subcontractor on a highway project on which W.E. Blain & Sons, Inc. (hereinafter Blain & Sons) was the prime contractor. Traffic Control Products, Inc. (hereinafter Traffic Control) was another subcontractor.
Ms. Morris alleged that both defendants owed a duty to provide traffic warnings, the breach of which proximately caused Morris' death.
The extent of Blain & Sons' and/or Traffic Control's duty to post signs or provide other warnings to motorists to protect A & B's workers is disputed. Neither duty nor breach thereof is at issue on appeal, however, since the trial court held that Morris' estate could not recover from either defendant because of the exclusive remedy provision of the Workers' Compensation law.
The contracts between both subcontractors and Blain & Sons required A & B and Traffic Control to provide workers' compensation coverage for their respective employees. There is no dispute that both A & B and Traffic Control had workers' compensation coverage on July 12, 1984, the day of the accident.
*947 Morris' estate received a $100,000 settlement from the insurer of the driver whose automobile struck and killed Morris. Contemporaneous with this settlement, Ms. Morris subsequently filed suit on behalf of the estate against these defendants. After preliminary discovery, defendants independently sought and were granted summary judgment on the basis of Miss. Code Ann. § 71-3-9 (1972) and this Court's decision in Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982).

II.
A. Ms. Morris initially argues that this statutorily authorized wrongful death action, Miss. Code Ann. § 11-7-13 (1972 & Supp. 1986), is not subject to the exclusive remedy provision of the Workers' Compensation Act. Miss. Code Ann. § 71-3-9. She argues two different propositions. First, she maintains the wrongful death statute controls over the Workers' Compensation provision. Second, she argues that the exclusive remedy provision applies in death benefit cases only to those who are dependent on decedent, and thus qualify for benefits. See Miss. Code Ann. § 71-3-25 (1972). We find both claims meritless.
The Workers' Compensation Act exclusive remedy provision, Miss. Code Ann. § 71-3-9 (1972), states:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.
The pertinent part of Mississippi's wrongful death statute, Miss. Code Ann. § 11-7-13 (1972 & Supp. 1986) provides that:
This section shall apply to all personal injuries of servants and employees received in the service or business of the master or employer, where such injuries result in death, ... .
Ms. Morris argues that since varying forms of this provision predate the Workers' Compensation Act, and the Legislature has reenacted the wrongful death statute with the pertinent language, since the Workers' Compensation Act was enacted, the Legislature intended to allow wrongful death actions despite the employer's exclusive liability provision.
As further support, Ms. Morris notes that Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982), the case relied on by the trial court below, involved an action for personal injuries rather than wrongful death.
This Court rejected a similar argument where the employee's estate sued the employer in Allen v. R.G. LeTourneau, Inc., 220 Miss. 520, 71 So.2d 447 (1954) Compare, West v. Plastifax, Inc., 505 So.2d 1026, 1028 (Miss. 1987) (rejecting similar claim in light of statutory right to damages for loss of consortium). We recognized no distinction between different types of actions when we held that workers' compensation benefits was the exclusive remedy for decedent's estate against a co-employee. McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978); Brown v. Estess, 374 So.2d 241 (Miss. 1979)
But, Ms. Morris argues, she is not a dependent, and, therefore, she should not be barred. Ms. Morris points out that the Act precludes her recovery of "compensation" for her son's death unless she is "dependent." Miss. Code Ann. § 71-3-25(e). See Dependents of Nosser v. Natchez Jitney Jungle, 511 So.2d 141 (Miss. *948 1987). Thus, she concludes, the Act contemplates that only when the employer is required to pay compensation does the exclusive remedy provision bar suit.
Ms. Morris also takes a second tack. The exclusive remedy provision specifically applies to "parents." However, Ms. Morris argues, the Act defines "parents" as
including stepparents and parents by adoption, parents-in-law or any person who for more than three (3) years prior to the death of the deceased employee stood in the place of a parent to him, or her, if dependent on the injured employee.

Miss. Code Ann. § 71-3-3(m) (1972) (emphasis added)
Therefore, she argues, the Act contemplates that only those parents who are dependent on decedent are barred by the exclusive remedy provision.
Discounting what we consider an inadequate record to determine whether Ms. Morris was indeed a dependent, we follow neither interpretation. The Act did not intend to subject employers to tort liability in all cases where benefits are not actually paid. The pertinent part of the exclusive remedy provision of § 71-3-9, supra, provides:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death... ."
We think the Act intends to provide the employer with his exclusive remedy growing out of the employer-employee relationship under the facts in this case. Exceptions as to third parties and non-coverage have been carved out, but these exceptions do not lend themselves to establish tort liability on W.E. Blain & Sons. See Sawyer v. Head, 510 So.2d 472 (Miss. 1987); Miller v. McRae's, Inc., 444 So.2d 368, 370 (Miss. 1984). Miss. Code Ann. § 71-3-3(b) (Supp. 1986). See also, V. Dunn, Workmen's Compensation § 27 at 26 (3d. ed. 1982)
A different result would not only allow Ms. Morris to sue A & B Paint Striping  which she virtually acknowledges she could not do  but would subject an employer in many wrongful death actions to double liability. This assignment is denied.
B. We next turn to the question of whether summary judgment was proper in favor of W.E. Blain & Sons.
There can be little doubt that Blain & Sons in this case represents a classic Doubleday-type statutory employer.
Just as the defendant in Doubleday, Blain & Sons was the prime contractor on a highway construction project. It let subcontracts to decedent's employer and others, and required its subcontractors to obtain compensation insurance. Compensation insurance was, in fact, obtained, and had Morris lived he no doubt would have been entitled to compensation benefits.
Ms. Morris implores this Court to abandon Doubleday. Under the facts in this case, we decline to do so. The trial court correctly granted summary judgment in favor of Blain & Sons.
We turn next to the judgment granted in favor of Traffic Control Products, Inc.
C. Traffic Control Products, Inc. presents a unique question to this Court: should a subcontractor working under a prime contractor receive immunity from suit for an accidental injury to an employee of a fellow subcontractor working on the same job? Stated differently, the question is whether a subcontractor on the same job with an injured employee of another subcontractor is "any other party" which under Miss. Code Ann. § 71-3-71 may be sued at common law.
We hold that Traffic Control does not benefit from the exclusive remedy provision, but, rather, is "any other party" subject *949 to suit at common law. We, therefore, reverse the summary judgment granted below.
Traffic Control is not in the same position as a Doubleday-type statutory employer. It secured coverage for its own employees, but it had no statutory obligation to secure compensation coverage for another subcontractor's employees. There is no quid pro quo here. See Damson Oil Corp. v. Nash, 480 So.2d 1095 at 1101 (Miss. 1985) (Roy Noble Lee, P.J., concurring).
Traffic Control argues it is like the co-employee in McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978), or like the corporate officer in Brown v. Estess, 374 So.2d 241 (Miss. 1979), or like the prime contractor's employee in Brown v. Williams, 504 So.2d 1188, 1194 (Miss. 1987).
In those cases this Court held those co-employees immune from common law negligence actions. Our decisions rested on the rationale that making a fellow employee liable in tort would defeat the remedial purpose of the Workers' Compensation Act. This would be so because the employer could recoup its compensation payments from the co-employee/tortfeasor, see Miss. Code Ann. § 71-3-71 (1972), thereby shifting the financial responsibility for industrial accidents away from the party best able to distribute the cost as part of his business expense  the employer.
A noted treatise on Mississippi Workers' Compensation law characterizes our holdings in McCluskey et al. as recognizing a "business enterprise" or "enterprise liability" approach to tort immunity. See Dunn, supra, § 231 at 285. Most recently, this Court has characterized it as an umbrella. Sawyer v. Head, 510 So.2d 472 (Miss. 1987).
Here we clarify and limit the exclusive remedy "umbrella" or the scope of the "enterprise" to only the prime contractor's employees and immediate employer's employees.
It is only through Doubleday that this Court held a prime contractor's employee immune from common-law negligence suit in Brown v. Williams. Yet, as discussed above, there is no concurrent obligation on the part of Traffic Control Products to provide coverage for another subcontractor's employee. Likewise, McCluskey and Brown v. Estess imputed the employer's immunity to the co-employee. In Brown v. Estess, 374 So.2d at 242, this Court stated "[i]t is this Court's opinion that the purpose, spirit and philosophy of the [Workers'] Compensation Act is to make compensation the exclusive remedy of the employee where he is injured by the employer or any of its employees during the course of his employment." (emphasis added)
Only in the broadest possible sense could Traffic Control Products be considered an employee. Traffic Control Products argues that it is what amounts to an employee of the prime contractor, W.E. Blain & Sons, but rather than an employee, Traffic Control Products is an independent contractor that also happens to be a subcontractor. The term "employee" should not be so contorted.
A different decision does not follow from McCluskey et al. Traffic Control Products is in a much better position than a mere employee to distribute the cost of potential tort liability within the "enterprise." Traffic Control Products may include in its subcontract bid a price increase which reflects possible tort liability which, in turn, could be passed along by the prime contractor as a cost of the project. Furthermore, to provide immunity here would be to totally insulate a potential wrongdoer without imposing any obligation. This would tacitly encourage subcontractors to use less than due care. No public or statutory policy can be argued in support of such a position.
In summary, we hold that the Workers' Compensation Act provides the sole remedy against an employer for an employee's death resulting from injuries received during the course and in the scope of his employment. We further hold that W.E. Blain & Sons is the type of prime contractor contemplated in Doubleday v. Boyd Construction Co., and thus was correctly *950 awarded summary judgment. Finally, we hold that Traffic Control Products is not immune from suit by reason of its position as a subcontractor on the same construction project.
AFFIRMED AS TO APPELLEE W.E. BLAIN & SONS, INC.; REVERSED AS TO APPELLEE TRAFFIC CONTROL PRODUCTS, INC. AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.