878 So.2d 1082 (2004)
Amanda THORNTON, a Minor, by and through her Next Friend, for and on behalf of Herself and all Others Entitled to Recover for the Wrongful Death of David Patrick THORNTON and on behalf of other Interested Parties, Appellants,
v.
W.E. BLAIN & SONS, INC., a Mississippi Corporation, Appellee.
No. 2003-CA-00244-COA.
Court of Appeals of Mississippi.
July 27, 2004.
*1083 Brett Woods Robinson, Christopher Brian McDaniel, J. Robert Sullivan, James Robert Sullivan, Laurel attorneys for appellants.
John David Price, Jackson, Gretchen W. Kimble, attorneys for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
CHANDLER, J., for the Court.
¶ 1. This appeal arises from an order of the Covington County Circuit Court granting summary judgment to W.E. Blain & Sons, Inc., a general contractor, in a wrongful death action. David Patrick Thornton, an employee of Magco, Inc., which had subcontracted with Blain for the milling work on a highway project, was crushed to death when the construction equipment on which he was riding was struck by a backhoe owned by Blain and operated by a Blain employee. Thornton's heirs assert that the circuit court erred in granting Blain's motion for summary judgment based on the exclusivity provision of the Mississippi Workers' Compensation Act. We decline to adopt the Thorntons' construction of the workers' compensation statutes and affirm the decision of the circuit court.

FACTS
¶ 2. W.E. Blain & Sons, Inc., a Mississippi corporation domiciled in Covington County, entered into a prime contract with the Mississippi Department of Transportation to widen and re-pave a section of Highway 84 in Franklin County, Mississippi. On February 4, 2002, Blain entered into a subcontract with Magco, Inc. to mill the old asphalt from the roadway. The contract between Blain and Magco required Magco to carry workers' compensation insurance for its employees. Magco provided Blain with a certificate of liability insurance, indicating that the requisite coverage was in effect prior to the contract date.
¶ 3. On April 10, 2002, David Thornton, a Magco employee, was riding on a Broce Broom Sweeper, operated by a Blain employee, at the Highway 84 construction site. The machine was sideswiped by a Caterpillar backhoe, owned by Blain and driven by a Blain employee. Thornton was thrown from the broom sweeper by the impact and crushed. The backhoe operator had attempted to reverse his machinery "due to no brakes," but the backhoe "went dead" and veered into the broom sweeper. Blain subsequently was cited and fined by the Occupational Safety and Health Administration of the United States Department of Labor (OSHA) for a willful violation of its requirement that all earthmoving equipment have a braking system capable of stopping and holding the equipment when fully loaded. The OSHA report further found that neither the backhoe nor the broom sweeper was equipped with operational horns and the backhoe did not have a back-up warning signal device.
¶ 4. A wrongful death action was filed on behalf of Thornton's minor daughter and *1084 other relatives on April 24, 2002, in the Circuit Court of Jones County. Blain's motion to transfer venue was granted and the case was transferred to Covington County. Blain filed a motion for summary judgment on November 12, 2002. Finding that there were no genuine issues of material fact and that Blain, as a prime contractor, was afforded tort immunity by the Mississippi Workers' Compensation Law, the circuit court granted summary judgment for Blaine by order dated January 24, 2003.

LAW AND ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED IN GRANTING BLAIN'S MOTION FOR SUMMARY JUDGMENT
¶ 5. At issue in the circuit court as well as on appeal is whether Blain, as the primary contractor, was Thornton's statutory employer, thus immunizing it from tort liability, or whether it is "an other party" subject to a third-party action against it. In granting Blain's motion for summary judgment, the circuit court found that there were no issues of material fact and as a matter of law, the case was controlled by the Mississippi Supreme Court's decision in Salyer v. Mason Technologies, Inc., 690 So.2d 1183 (Miss.1997). The circuit court further declined to adopt Thornton's proposed "substantial certainty" exception to the exclusivity provision of the Mississippi Workers' Compensation Law, stating that the Legislature "would be the proper body to effect a change." Aggrieved by the circuit court's decision, Thornton asserts that the circuit court erred in granting Blain's motion for summary judgment, arguing that the law unfairly limits the right of an injured party to recover from the party actually responsible for the injury.
¶ 6. The Mississippi Workers' Compensation Law provides that "[i]n the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment." Miss.Code Ann. § 71-3-7 (Rev.2000). The exclusivity provision of the Law further states that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee ..." Miss.Code Ann. § 71-3-9 (Rev.2000). Construing these statutes together, the Mississippi Supreme Court reiterated in Salyer the well-established principle that "where the subcontractor provided compensation coverage to its employees pursuant to its contract with the prime contractor, the prime contractor qualified as a statutory employer and was immune from a common law tort suit by the injured employee." Salyer, 690 So.2d at 1184 (citing Doubleday v. Boyd Constr. Co., 418 So.2d 823, 826-27 (Miss.1982)). However, making a claim against an employer or accepting workers' compensation benefits therefrom does not preclude the injured party from bringing a negligence action against "any other party." Miss.Code Ann. § 71-3-71 (Rev.2000).
¶ 7. In Doubleday, as in the case sub judice, Boyd Construction Company was the prime contractor on a road construction project for the Mississippi Highway Department. Doubleday, 418 So.2d at 824. The injured worker, David Doubleday, was employed by W.T. Ratliff Co., Inc., which had subcontracted with Boyd to perform some of the construction work. Id. The contract between Boyd and Ratliff, like the contract between Blain and Magco, required that the subcontractor carry workers' compensation insurance for its employees. Id. Ratliff's insurer paid benefits to Doubleday for his injuries. Id. *1085 Doubleday, however, brought suit against Boyd, alleging that the general contractor negligently failed to provide proper warning to traffic approaching the construction site, which caused him to be hit by a car. Id. The circuit court found that Boyd, as the prime contractor, was the statutory employer of Ratliff's employees and not "any other party." Thus, workers' compensation was his exclusive remedy. Id. The Mississippi Supreme Court agreed. Id. at 827.
¶ 8. The contract between Blain and Magco required the subcontractor to carry workers' compensation insurance for its employees. Thornton, therefore, argues that Blain should not be able to enjoy the immunity afforded a statutory employer because it did not "secure" compensation since Magco, in compliance with its statutory obligations under § 71-3-7, had carried workers' compensation insurance for its employees for many years prior to subcontracting with Blain. The same argument was raised and rejected in Salyer. Turning again to Doubleday, the court stated:
[W]e see no reason to draw a distinction between prime contractors who contractually require subcontractors to provide compensation coverage on one hand, and prime contractors who hire subcontractors who already provide compensation coverage on the other hand. We believe the legislative intent of the workers' compensation statutes would not be effectuated based upon such a superficial, technical distinction. Rather, "[a] sounder result would seem to be the holding that the overall responsibility of the general contractor for getting subcontractors insured, and his latent liability for compensation if he does not, should be sufficient to remove him from the category of `third party.'" Doubleday, 418 So.2d at 826 (quoting Larson, Workmen's Compensation Law, § 72.31(b) (1982)). We find that hiring subcontractors who comply with the act by providing compensation coverage to its employees satisfies this "overall responsibility."
Salyer, 690 So.2d at 1185 (emphasis in original).
¶ 9. Thornton cites Nash v. Damson Oil Corp., 480 So.2d 1095 (Miss.1985) and Falls v. Mississippi Power & Light Co., 477 So.2d 254 (Miss.1985) for the proposition that a contractor could not gain tort immunity simply "by voluntarily electing to say it had compensation obligations which in fact and law it did not have." Nash, 480 So.2d at 1100. Thornton's reliance is misplaced. In those cases, Damson Oil and Mississippi Power & Light, by virtue of their interest, use and activities with respect to the premises were found to be outside the meaning of "general contractor" or "prime contractor" as contemplated by § 71-3-7 and Doubleday. Nash, 480 So.2d at 1100; Falls, 477 So.2d at 258. Damson Oil was the lessee of an oil producing unit, which had contracted with Nash's employer, Trigger Contractors, to periodically perform work on its oil and gas wells. Nash, 480 So.2d at 1096. Similarly, Mississippi Power and Light held a permit for land along the Natchez Trace and had contracted with the Deviney Company, for whom Falls worked, to keep its right-of-way clear of brush and trees. Falls, 477 So.2d at 255-56. However, Blain, like Boyd, "occupied the position persons of common understanding would label general or prime contractor." Nash, 480 So.2d at 1100.
¶ 10. This Court conducts a de novo review of the lower court's grant or denial of summary judgment. Lewallen v. Slawson, 822 So.2d 236, 237(¶ 6) (Miss.2002); Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). A trial court may grant *1086 summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There are no genuine issues of material fact in the present. The circuit judge correctly found that Blain, as a general or prime contractor, was Thornton's statutory employer, and not "any other party" subject to a negligence action pursuant to § 71-3-71. As a matter of law, therefore, Blain was entitled to summary judgment.

II. WHETHER MISSISSIPPI SHOULD ADOPT THE "SUBSTANTIAL CERTAINTY" STANDARD AS AN EXCEPTION TO THE EXCLUSIVITY PROVISION OF THE WORKERS' COMPENSATION ACT
¶ 11. Thornton also urges this Court to adopt the "substantial certainty" standard, which allows an injured worker to circumvent the exclusivity provision of the Workers' Compensation Law in those instances where the employer engages in misconduct knowing that death or serious injury is "substantially certain to occur." Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222, 228 (1991). As Blain points out, the Mississippi Supreme Court already has declined to create a "substantial certainty" exception to the exclusivity provision of the Act, stating:
There is nothing novel about the approach suggested by the appellants of enlarging the scope of the exemption test. We have stated consistently our position on this issue. The legislature has had every opportunity to include into the Act such a liberal exception suggested by the appellants, yet failed to do so. If this Court were to include what the legislature did not, we would violate the "purpose, spirit and philosophy of the Workmen's Compensation Act."
Peaster v. David New Drilling Co., Inc., 642 So.2d 344, 349 (Miss.1994) (quoting Brown v. Estess, 374 So.2d 241, 242 (Miss.1979)).
¶ 12. Despite the unfortunate circumstances of Thornton's death, this Court is bound to follow the dictates of the Mississippi Workers' Compensation Law. Blain was entitled to summary judgment as a matter of law. Accordingly, we affirm the judgment of the circuit court.
¶ 13. THE JUDGMENT OF THE COVINGTON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.