PER CURIAM.
Appellants, plaintiffs in the trial court, seek review of a final summary judgment in favor of the defendant there, appellee here. Appellant Dodge, a journeyman electrician, while working at his trade on a building site, was injured as a result of the alleged negligence of an employee of appel-lee. Appellee was general contractor for the job and Paxon Electric Company was a subcontractor. At the time of the incident giving rise to this controversy plaintiff was “employed” by Olson Electric Company which company provided and paid workmen’s compensation benefits to Dodge. By virtue of an unwritten agreement, the provisions of which are not clear from the record, Olson Electric furnished Dodge and other electricians to Paxon Electric Company for the performance of the latter’s subcontract. Dodge sued the general contractor, William E. Arnold Company, for damages sustained as a result of his injuries and the latter asserted a defense of immunity under the provisions of Chapter 440, Florida Statutes, specifically Section 440.11.
The parties agree that unless the record establishes that appellee was obliged under Chapter 440, Florida Statutes, to provide the compensation required by the act for appellant then the chapter affords no immunity. The immunity afforded under Section 440.10 arises from the liability of an employer to secure the compensation required by the act.
It is axiomatic that a summary judgment may not be properly granted unless there is no issue of material fact. (Connell v. Sledge, 306 So.2d 194 (Fla. DCA 1st 1975)). The burden is upon the party moving for summary judgment to demonstrate that there are no issues of material fact and there is no burden upon the party moved against to “fill the gaps in the record”.
Sub judice the record is unclear as to the basis upon which the trial court determined immunity. Neither is the relationship or arrangement between Olson Electric Company and Paxon Electric Company made clear. The record is insufficient, for instance, for either the trial court or this court to determine whether or not Olson Electric Company was a subcontractor or a sub-subcontractor or whether appellant was a “loaned employee”. We determine therefore that the summary judgment here appealed was premature.
REVERSED.
BOYER, C. J., MILLS, J., and JOPLING, WALLACE, Associate Judge, concur.