373 So.2d 98 (1979)
David L. DODGE and Doris M. Dodge, Appellants,
v.
WILLIAM E. ARNOLD COMPANY and Fidelity & Casualty Company of New York, a New York Corporation, Appellees.
No. LL-304.
District Court of Appeal of Florida, First District.
July 26, 1979.
*99 Chobee Ebbets, Deland, of Law Office of Anthony I. Provitola, Deland, for appellants.
Robert K. Rouse, Jr. of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, and Alfred C. Scott, Jacksonville, for appellees.
LARRY G. SMITH, Judge.
Appellants appeal from a final summary judgment in favor of defendant-appellee in a personal injury action. We find no error and affirm.
Appellants brought suit against William E. Arnold Company for injuries sustained by appellant David L. Dodge while working as an electrician on a construction project for which the Arnold Company was the general contractor. It is undisputed that Arnold subcontracted the electrical work on the job to Paxson Electric Company. At the time of the injury Dodge was employed by Olson Electric Company while performing work which was part of the electrical work subcontracted by Paxson. Dodge applied for and received workmen's compensation benefits from his employer Olson's carrier because of the accident.
An earlier trial ended in a final summary judgment in favor of Arnold; however, on appeal this court reversed that judgment because the record was unclear as to the basis upon which the trial court determined that the general contractor (Arnold) was immune from action for personal injuries suffered by Dodge; and the record was found insufficient for either the trial court or this court to determine whether Olson (Dodge's employer) was a subcontractor, a sub-subcontractor, or a "loaned employee". Dodge v. William E. Arnold Company, 343 So.2d 1359 (Fla. 1st DCA 1977).
During the proceedings on remand which culminated in the final summary judgment now under attack the parties stipulated that Olson was neither a materialman nor a laborer, and that Dodge was not a loaned employee. The issue of Arnold's immunity from liability because of protection afforded to employers under the workmen's compensation law was severed from all other aspects of the case, and jury trial was held on the issue of the relationship between Dodge's employer and the general contractor. Prior to submitting the matter to the jury the trial judge granted a directed verdict on the issue of whether Olson was a subcontractor of Arnold, holding that it was not. The issue was then submitted to the jury by means of a special verdict form requiring a "yes" or "no" answer to the following question:

*100 Was Olson Electric Company a sub-subcontractor of the defendant William E. Arnold Company on April 5, 1974?
YES ____ NO ____
Based upon the jury finding that Olson was a sub-subcontractor of Arnold, the trial judge entered summary judgment finding that the Arnold Company was not liable for Dodge's injuries by virtue of the immunity afforded by the workmen's compensation law. Appellant's brief presented and argued the question whether a sub-subcontractor's employee is barred from bringing a personal injury action against a general contractor where the employee has received workmen's compensation benefits from the sub-subcontractor's carrier. However, on oral argument appellant's counsel conceded that action against the general contractor is barred under the circumstances presented in this case, if Dodge's employer was in fact a sub-subcontractor under the Arnold contract. We agree that this conclusion is correct based upon the established case law on the subject. See Brickley v. Gulf Coast Construction Co., 153 Fla. 216, 14 So.2d 265 (1943); Jones v. Florida Power Corporation, 72 So.2d 285 (Fla. 1954); Fidelity Construction Company v. Arthur J. Collins and Son, Inc., 130 So.2d 612 (Fla. 1961); Gulf American Fire and Casualty Company v. Singleton, 265 So.2d 720 (Fla. 2nd DCA 1972).
The remaining point argued by appellant is the correctness of the trial court's ruling, based upon the special jury verdict, that Dodge's employer Olson occupied the position of sub-subcontractor under the general contractor, Arnold. Appellant argues that there was no evidence of a sub-subcontract agreement either written or oral between Olson and Arnold. He contends that a relationship must be established between Olson and Arnold, rather than relying upon evidence concerning the relationship between Olson and the subcontractor, Paxson. He also complains of the court's failure to instruct the jury upon the effect of its finding that Olson either was, or was not a sub-subcontractor to Arnold, which is provided for in Section 440.10 "Liability for Compensation", and Section 440.11 "Exclusiveness of Liability", Florida Statutes. Otherwise appellant agrees that the jury instructions which defined the terms "sub-subcontractor", and "contract", taken from the provisions of the mechanics' lien law, Chapter 713, Florida Statutes, were correct.
We fail to find error in the trial court's failure to direct a verdict in favor of plaintiff, or in the jury's verdict finding that Olson occupied the position of sub-subcontractor. We also conclude that in view of the narrow issue made by the pleadings and the agreements between the parties with respect to the status of the several parties, the trial court did not err in submitting the matter to the jury under the limited instruction requiring that they answer only a single factual question, and that there was no error in failing to instruct the jury upon the legal effect of their verdict upon Arnold's liability for damages for Dodge's personal injuries. We also are of the opinion that ample substantial evidence was presented to establish the relationship of Olson as a sub-subcontractor on the construction job. It is clear that Olson had an agreement with Paxson to provide the electricians and to complete the electrical work on the project. Olson provided its own supervision, electricians and equipment, for which payment was made to Olson by Paxson. Furthermore, Arnold was aware that Olson was performing the electrical work that Paxson had subcontracted to perform, and had no objection to the arrangement. Appellant's contention that the evidence is insufficient to establish Olson's status as a sub-subcontractor because all agreements between Olson and Paxson were oral is without merit. Furthermore, by definition, a sub-subcontractor is one who enters into a contract with a subcontractor for the performance of any part of such subcontractor's contract. See Section 713.01(17), Florida Statutes. For purposes of this case there was no requirement of a showing of any direct dealings between Olson and Arnold.
The judgment appealed from is affirmed.
McCORD, Acting C.J., and ERVIN, J., concur.