ORFINGER, Judge.
Appellant contends that the trial court erred in granting summary final judgment in favor of appellees Independent Construction Company, Cooper, Cary and Associates, Inc., and Bennett & Pless, Inc. We affirm.
The injury to appellant’s decedent which resulted in his death arose out of the collapse of the scaffold and wall described in the case of Van Ness v. Independent Construction Company, 392 So.2d 1017 (Fla. 5th DCA 1981). Like Van Ness, Powell was also an employee of the James Wilson Company.
As discussed in Van Ness, Sears, Roebuck & Company (Sears) contracted with Independent Construction Co. (Independent) to build a Sears store in Daytona Beach. The building was a duplicate of one previously designed for Sears and built elsewhere, and the basic drawings and specifications were also used for this one. The contract between Sears and Independent was for a fixed contract price and required Independent, as general contractor, to provide all materials and perform all the design and construction work shown on the plans, and further required Independent to retain an *726 architect to make any necessary design or construction changes so as to meet local building codes. Independent retained ap-pellee Cooper, Cary and Associates, Inc. to do the necessary architectural work, and Cooper, Cary sub-let the engineering and structural work to appellee Bennett & Pless, Inc. Independent also sub-contracted with decedent’s employer, James Wilson Co. for a portion of the work.
The trial court granted summary judgment to each of the appellees on the theory that section 440.11, Florida Statutes (1973), provided the exclusive remedy here, and that each of the appellees was entitled to immunity from tort liability by virtue of the statute.
To determine the correctness of the trial court’s conclusions, we must first examine the relationship of the parties to the construction project. The factual background here is the same as described in Van Ness. For the reasons set forth there, we again hold that Sears, as owner, contracted with Independent, as contractor, to construct the building. Since Independent had the primary contractual obligation with Sears to construct the building, and since it sub-let portions of the work to the other appellees here, Independent was a contractor within the meaning of section 440.10, Florida Statutes (1973),[1] and thus the statutory employer of the employees of its sub-contractors as well as its own. Favre v. Capeletti Brothers, Inc., 381 So.2d 1356 (Fla.1980); Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954); Miami Roofing and Sheet Metal Co., Inc., v. Kindt, 48 So.2d 840 (Fla.1950). Thus, employees of the James Wilson Company (including appellant’s decedent), as well as the employees of the appellees here are deemed to be employed in one and the same business, and the contractor, Independent, was liable to secure compensation to all such employees, except to employees of a sub-contractor who had secured such payment.
Section 440.11(1), Florida Statutes (1973), provides that the liability of section 440.10 is the exclusive liability of the employer unless he fails to secure the required compensation, and it clearly appears from the record here that the sub-contractor for whom decedent worked had secured compensation, the benefits of which were being paid to appellant.
The judgments appealed from are affirmed.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., and CLARK, HAROLD R., Associate Judge, concur.

. § 440.10(1), Fla.Stat. (1973):
Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.