PER CURIAM.
This appeal is from a summary judgment entered on a finding that the plaintiff’s claim for injuries caused by negligent design, planning, and construction, is barred by the statute of limitations.
Section 95.11(3), Florida Statutes (1989), provides that the four-year limitations period begins to run from (1) the date of actual possession by the owner, (2) the date of the issuance of the certificate of occupancy, (3) the date of abandonment of construction if not completed, or (4) the date of termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest.
The defendant argues that it has met its burden for the purpose of a summary judg *1132 ment by showing that the statute of limitations commenced to run on two of the four possible times provided by the statute. It concedes that it has proved nothing about the other two dates, but argues that the burden shifts to the plaintiff, as nonmov-ant, to come forward with proof that one of the remaining two events would preclude the action from being barred by the statute of limitations. We disagree and reverse.
Until it is determined that the movant has successfully met his burden of proving the nonexistence of any fact on any material issue, the opposing parties are under no obligation to show that issues do remain to be tried. Holl v. Talcott, 191 So.2d 40 (Fla.1966). In the absence of competent evidence as to the date of occurrence for each of the four events, or evidence that one or more of the statutory events is inapplicable, there is no way to determine which event occurred last. With such gaps in the record as to material evidence, the defendant has not demonstrated conclusively the nonexistence of any genuine issue of fact. Dodge v. William E. Arnold Co., 343 So.2d 1359 (Fla. 1st DCA 1977).
Reversed and remanded for further appropriate proceedings.