642 So.2d 808 (1994)
FRED G. WRIGHT, INC., a Florida corporation, d/b/a Wright Construction Corporation, Appellant,
v.
Dennis EDWARDS, Appellee.
No. 93-03434.
District Court of Appeal of Florida, Second District.
September 16, 1994.
Leo H. Meirose, Jr. and Francis E. Friscia of Allen & Meirose, P.A., Tampa, for appellant.
Dan E. Batchelor and Palmer Boyett of Batchelor & Vojak, Bonita Springs, for appellee.
PATTERSON, Judge.
Fred G. Wright, Inc., d/b/a Wright Construction Corporation (Wright), appeals from the trial court's order denying its motion for summary judgment. Wright argues that it is immune from suit because of the workers' compensation immunity provided to a general contractor pursuant to sections 440.10 and 440.11, Florida Statutes (1987). We agree and reverse.
CMC Development Corporation hired Wright to act as the general contractor for the construction of a building. Wright subcontracted the erection of the structural steel portion of the building to Suncoast Steel & Pipe. In turn, Suncoast Steel & Pipe subcontracted a portion of its work to Suncoast Fabricators, Inc. The appellee, Dennis Edwards, worked for Suncoast Fabricators. On September 20, 1988, while on the job, Edwards was riding on a steel beam being hoisted by a crane when the beam became loose or tilted. Edwards fell to the ground, sustaining serious injuries.
Edwards filed a workers' compensation claim against his employer, Suncoast Fabricators, and received full workers' compensation benefits for his injuries and damages. He later filed an action against Wright, Suncoast Steel & Pipe, Suncoast Fabricators, and various other managerial and supervisory personnel under intentional tort and gross negligence theories. The defendants filed motions for summary judgment, alleging that they were entitled to immunity from suit under sections 440.10 and 440.11, Florida Statutes (1987),[1] since Edwards received *809 workers' compensation benefits through Suncoast Fabricator's insurance policy. The trial court granted summary judgment as to all defendants except Wright. This was error.
Whenever disability or death results from an injury obtained during the course of employment, compensation under the Florida Workers' Compensation Act is the injured employee's exclusive remedy. § 440.11(1), Fla. Stat. (1987). Section 440.11(1) grants immunity from suit to all employers and their employees, acting in the scope of employment, for simple negligence. Employees who act with "willful and wanton disregard" or with gross negligence toward a fellow employee are not immune from suit. § 440.11(1), Fla. Stat. (1987).
If a subcontractor provides workers' compensation benefits to its injured employee, workers' compensation immunity would not only apply to the subcontractor, but to the general contractor as well. § 440.11(1)(b), Fla. Stat. (1987); Dodge v. William E. Arnold Co., 373 So.2d 98 (Fla. 1st DCA 1979). Since Edwards' employer, Suncoast Fabricators, had workers' compensation coverage, Wright, as general contractor, was a statutory employer pursuant to section 440.10 entitled to the same immunity as Suncoast Fabricators. See Powell v. Independent Constr. Co., 396 So.2d 725 (Fla. 5th DCA), review denied, 402 So.2d 612 (Fla. 1981).
To overcome a statutory employer's workers' compensation immunity, the employee must be able to show that the employer committed an intentional tort. Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla. 1986). "In order for an employer's actions to amount to an intentional tort, the employer must either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death." Fisher, 498 So.2d at 883; Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972). The factual allegations in the fourth amended complaint and the record evidence regarding Wright's or its employees' involvement in the accident do not rise to the level of an intentional tort or gross negligence. Therefore, the trial court erred in failing to grant Wright's motion for summary judgment.
Accordingly, we reverse the order denying Wright's amended motion for summary final judgment.
DANAHY, A.C.J., and QUINCE, J., concur.
NOTES
[1] Section 440.10(1) states in part:

In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Section 440.11 states in part:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.