688 So.2d 752 (1996)
John David CROWE
v.
BRASFIELD & GORRIE GENERAL CONTRACTOR, INC. and FaBarc Steel Supply, Inc.
No. 96-FC-00482-SCT.
Supreme Court of Mississippi.
December 19, 1996.
*753 En Banc.
DAN LEE, Chief Justice, for the Court:
This case is before this Court upon certification from the United States Court of Appeals for the Fifth Circuit. The question certified to this Court is as follows:

WHETHER MISSISSIPPI'S WORKER'S COMPENSATION ACT EXTENDS IMMUNITY TO A GENERAL CONTRACTOR OR A SUBCONTRACTOR IN A NEGLIGENCE ACTION BROUGHT AGAINST THEM BY THE EMPLOYEE OF A SUB-SUBCONTRACTOR?
We answer the question in the affirmative.

FACTS
Appellee, Brasfield & Gorrie General Contractor, Inc. (Brasfield), was the general contractor for the Gayfer's department store during the construction of the Turtle Creek Mall in Hattiesburg. Brasfield subcontracted the structural steel work on the project to Appellee, FaBarc Steel Supply, Inc. (FaBarc). Thereafter, FaBarc contracted with Model City Erection (Model) to do portions of the steel work. Brasfield contractually required FaBarc to obtain workers' compensation coverage for FaBarc's employees, and FaBarc contractually required Model to purchase workers' compensation insurance for Model's employees.
Appellant, David Crowe, was employed by Model as an iron worker. While engaged in his work for Model, Crowe was injured when he fell nineteen feet. Crowe received serious injuries which resulted in permanent disability. A claim for benefits was made and Model's workers' compensation insurance carrier began paying benefits to Crowe.
Crowe then filed a negligence action against Brasfield and FaBarc. Brasfield and FaBarc moved for summary judgment on the basis that the Mississippi Workers' Compensation Act was Crowe's sole remedy and thus Crowe's negligence action was barred.
The United States District Court for the Southern District of Mississippi, after a hearing on the matter, concluded that the purpose of the Workers' Compensation Act was to ensure that a worker had coverage. The district court held that since FaBarc required that Model provide its employees with workers' compensation coverage, and Model did in fact provide such coverage, FaBarc was protected by the Workers' Compensation Act's statutory immunity provisions. The *754 court found that had Model not provided workers' compensation coverage to Crowe, FaBarc would have been obligated to do so. Likewise, the court reasoned that if neither Model nor FaBarc had provided insurance for its employees, then Brasfield would have been obligated to insure the workers. The court then held that since Model did provide workers' compensation insurance for its employees, both Brasfield and FaBarc were immune from Crowe's negligence suit by the Workers' Compensation Act. Accordingly, the district court granted Brasfield's and FaBarc's motions for summary judgment. The granting of these motions is the subject of the appeal now before the United States Court of Appeals for the Fifth Circuit, from whence this certification arose.

DISCUSSION

WHETHER MISSISSIPPI'S WORKER'S COMPENSATION ACT EXTENDS IMMUNITY TO A GENERAL CONTRACTOR OR A SUBCONTRACTOR IN A NEGLIGENCE ACTION BROUGHT AGAINST THEM BY THE EMPLOYEE OF A SUB-SUBCONTRACTOR?
We begin our analysis of the Mississippi Workers' Compensation Act reminded that this Court has previously addressed the issue of workers' compensation coverage and immunity and has stated:
Reason and consistency require that we apply the provisions of the [workers' compensation] act and the decisions interpreting it with an equal hand, both where coverage is asserted and where the exclusive remedy provisions of the statute are involved.
Stubbs v. Green Brothers Gravel Co., 206 So.2d 323, 325 (Miss. 1968).
Crowe argues that, since Miss. Code Ann. § 71-3-7 (1972) does not compel general contractors to provide workers' compensation insurance for the employees of sub-subcontractors, general contractors are not afforded immunity from negligence suits through the exclusive remedy provision of Miss. Code Ann. § 71-3-9 (1972). Brasfield and FaBarc argue that, if Model had not provided workers' compensation coverage to Crowe, then they would have been responsible for providing the coverage and, therefore, they are entitled to immunity under Miss. Code Ann. § 71-3-9 (1972).
This is a case of first impression. We have not addressed this situation in a published opinion. Moreover, few other jurisdictions have confronted this question through published opinions. Those jurisdictions which have addressed this issue have held that the general contractor and subcontractor have statutory immunity from negligence actions brought by employees of the sub-subcontractor when the sub-subcontractor had workers' compensation insurance. See Mathew v. Aetna Cas. And Sur. Co., 578 So.2d 242, 244 (La. Ct. App. 1991); Fred G. Wright, Inc. v. Edwards, 642 So.2d 808, 809 (Fla. Dist. Ct. App. 1994); Dodge v. William E. Arnold Co., 373 So.2d 98, 100 (Fla. Dist. Ct. App. 1979).
Crowe frames the argument as a dispute over the meaning of the term "subcontractor" found in Miss. Code Ann. § 71-3-7 (1972). Section 71-3-7 provides in relevant part:
In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.
Crowe argues for a strict and limited interpretation of Section 71-3-7. That is, since Crowe was employed by a sub-subcontractor, and since the statute does not specifically mention sub-subcontractors, Crowe argues that Brasfield has no legal basis for its claim that it is immune from Crowe's suit.
We have defined a "subcontractor" as "one who has entered into a contract express or implied, for the performance of an act, with a person who has already contracted for its performance." O'Neal Steel Company v. Leon C. Miles, Inc., 187 So.2d 19, 25 (Miss. 1966) (quoting Holt & Bugbee Co. v. City of Melrose, 311 Mass. 424, 41 N.E.2d 562, 563 (1942)). When faced with situations similar to the one presented here, several other jurisdictions have held that employees of a sub-subcontractor are covered within their employer's workers' compensation insurance *755 provisions. See, e.g., Stolte, Inc. v. Eighth Judicial District Court, 89 Nev. 257, 510 P.2d 870, 871 (1973); Palumbo v. Nello L. Teer Co., 240 F. Supp. 226 (D.Md. 1965); Kieffer v. Walsh Construction Co., 140 F. Supp. 318 (D.Pa. 1956); Baker & Conrad Inc. v. Chicago Heights Constr. Co., 364 Ill. 386, 4 N.E.2d 953 (1936). The Illinois court in Baker & Conrad, supra, stated:
The term "subcontractor" is not spoken in a technical sense, but includes not only those contracting directly with the original contractor, but also those who have contracted with one whose contract is subordinate to a previous agreement, regardless of whether it is the original or general contract. Such persons are all "subcontractors," although they may be removed in different degrees from the original contract. No distinctions are recognized in the applicability of the act as to "contractors or to subcontractors," as those terms are customarily recognized, or even those still further removed in the chain of contracts descending from the original contract. The act was intended to embrace all laborers rendering services in the advancement of their employer's business... .
4 N.E.2d at 958.
Model, Crowe's employer, contracted with FaBarc to complete portions of the steel work on the Turtle Creek Mall. FaBarc had previously contracted with Brasfield to do the structural steel work on the mall. Model entered into an express contract with FaBarc for the performance of an act (the completion of portions of the steel work) which FaBarc had already contracted to complete. Thus, under our case law, Model satisfied the definition of a subcontractor. Accordingly, it is the opinion of this Court that both Brasfield and FaBarc are protected by the exclusive remedy provision of the Workers' Compensation Act found at Miss. Code Ann. § 71-3-9 (1972).
In regard to our workers' compensation law, we have held
that "any construction given to the workmen's compensation act must be sensible as well as liberal," and "the intent of the legislature must be determined by the total language of the statute and not from a segment considered apart from the remainder."
Doubleday v. Boyd Constr. Co., 418 So.2d 823, 826 (Miss. 1982) (quoting McCluskey v. Thompson, 363 So.2d 256, 259 (Miss. 1978)). In Doubleday we looked to Florida case law for guidance when deciding whether the injured employee of a subcontractor could sue the general contractor for negligence. We held that the injured employee could not sue the general contractor where his injuries were compensated through the subcontractor's workers' compensation policy and stated:
We agree with this decision even though Fla. Stat. Ann. § 440.10[1] (West 1981) differs somewhat from Miss. Code Ann. § 71-3-7 (1972). It is our opinion [that] the legislature did not intend to subject a general contractor to common law liability if he complied with § 71-3-7 by requiring the subcontractor to have workmen's compensation insurance. It would defeat the purpose of the statute, we think, if such an improbable result followed.

Mosley, supra, reaches the same result. In it Mosley protected itself from common law tort liability by procuring workmen's compensation insurance for the employees of its subcontractor. Boyd accomplished the same end by contractually requiring Ratliff to secure a policy of insurance on its employees. In doing so, we are of the opinion that the appellee "secured" compensation insurance for the benefit of Doubleday within the meaning and purpose of the statute. Therefore, appellee is not, under the circumstances of this case, "any other party" as designated by § 71-3-71, *756 and thus is immune from a common law negligence action.
Doubleday, 418 So.2d at 826-27 (citing Mosley v. Jones., 224 Miss. 725, 80 So.2d 819 (1955)) (footnote supplied).
The Florida Court of Appeals recently decided a case analogous to the one we face today. In Fred G. Wright, Inc. v. Edwards, 642 So.2d 808 (Fla. Dist. Ct. App. 1994), the appellant, Wright, was the general contractor on a building project. Wright subcontracted the erection of the structural steel portion to Suncoast Steel & Pipe. Thereafter, Suncoast Steel & Pipe subcontracted a portion of its work to Suncoast Fabricators, Inc. Edwards, an employee of Suncoast Fabricators, Inc. (the sub-subcontractor), was seriously injured while on the job. Wright, 642 So.2d at 808.
Edwards, like Crowe, filed a workers' compensation claim against his employer (Suncoast Fabricators, Inc.). Edwards, like Crowe, received full workers' compensation benefits for his injuries from his employer. Edwards, like Crowe, then filed a common law negligence action against the general contractor (Wright) and the subcontractor (Suncoast Steel & Pipe).[2] The general contractor and subcontractor filed motions for summary judgment, alleging that they were entitled to immunity from Edwards' negligence suit under Fla. Stat. Ann. Sections 440.10 and 440.11.[3] The trial court granted the subcontractor's motion for summary judgment but did not grant the contractor's motion.
The general contractor appealed the denial of its motion for summary judgment, and the Florida Court of Appeals reversed the trial court and granted summary judgment for the general contractor. The court reasoned:
If a subcontractor provides workers' compensation benefits to its injured employee, workers' compensation immunity would not only apply to the subcontractor, but to the general contractor as well. § 440.11(1)(b), Fla. Stat. (1987); Dodge v. William E. Arnold Co., 373 So.2d 98 (Fla. 1st DCA 1979). Since Edwards' employer, Suncoast Fabricators, had workers' compensation coverage, Wright, as general contractor, was a statutory employer pursuant to section 440.10 entitled to the same immunity as Suncoast Fabricators. See Powell v. Independent Constr. Co., 396 So.2d 725 (Fla. 5th DCA), review denied, 402 So.2d 612 (Fla. 1981).
Wright, 642 So.2d at 809.
Louisiana has also addressed this issue and held that the general contractor was the statutory employer of a sub-subcontractor and thus was immune from negligence suits brought by the sub-subcontractor's injured employee. Albin v. Red Stick Constr. Co., Inc., 509 So.2d 110 (La. Ct. App. 1987). Albin was the employee of a sub-subcontractor and was injured while on the job. Albin received workers' compensation payments from the sub-subcontractor and brought a negligence action against the general contractor. Id. at 111. The Louisiana Court of Appeals held that the general contractor was a statutory employer and thus immune from Albin's negligence action.
It is granted that Albin was decided upon the language of Louisiana's workers' compensation statutes, which are different from Mississippi's statute. However, Louisiana's statute does not contain specific language addressing sub-subcontractors and their responsibilities under the law. See also Mathew v. Aetna Cas. and Sur. Co., 578 So.2d 242, 244 (La. Ct. App. 1991).
Crowe argues that our Doubleday decision requires the general contractor to either secure the workers' compensation insurance for the employee or contractually require that the subcontractor purchase workers' compensation insurance before the general contractor can take advantage of the statutory immunity afforded general contractors. Crowe suggests that because Brasfield did not purchase *757 workers' compensation insurance for him or contractually require Model to purchase workers' compensation insurance for its employees, they are not immune from his negligence suit.
Doubleday does not stand for the narrow proposition advanced by Crowe. The two methods of obtaining workers' compensation coverage and thus statutory immunity discussed in Doubleday are not exclusive. This Court did not hold that the only way a general contractor could fulfill this obligation was either to purchase the insurance itself or to specifically contract with the subcontractor requiring such coverage. In fact, we stated that "[i]t is our opinion [that] the legislature did not intend to subject a general contractor to common law liability if he complied with § 71-3-7 by requiring the subcontractor to have workmen's compensation insurance." Doubleday, 418 So.2d at 826.
Crowe argues that Estate of Morris v. W.E. Blain & Sons, Inc., 511 So.2d 945 (Miss. 1987), limits our holding in Doubleday. Crowe is correct. However, Morris does not speak to the issue before the Court today.
In Morris the decedent died as a result of injuries he sustained when he was hit by a car while working on a highway construction project. W.E. Blain & Sons was the general contractor on the project, and Traffic Control Products was a subcontractor whose responsibility included the provision of traffic and warning signs. Morris was employed by A & B Paint Striping Co., another subcontractor on the project. Morris, 511 So.2d at 946. As a result of Morris' death on the job, his beneficiaries brought a wrongful death suit against W.E. Blain & Sons and Traffic Control Products. The trial court granted summary judgment for W.E. Blain & Sons and for Traffic Control Products. The estate appealed and we affirmed the grant of summary judgment for W.E. Blain & Sons, finding that the general contractor was a statutory employer for purposes of our workers' compensation law. However, we reversed the award of summary judgment to Traffic Control Products and stated:
Traffic Control is not in the same position as a Doubleday-type statutory employer. It secured coverage for its own employees, but it had no statutory obligation to secure compensation coverage for another subcontractor's employees. There is no quid pro quo here.
Morris, 511 So.2d at 949. In Morris, the subcontractor seeking to invoke the exclusive remedy provision of the workers' compensation act had not subcontracted with Morris' employer. Traffic Control was hired by the general contractor to complete one portion of the highway project, and A & B Paint Striping was hired by the general contractor to complete yet another portion of the highway project. These two subcontractors were separate and distinct. In fact, Traffic Control was not obligated to insure A & B Paint Striping's employees nor was A & B Paint Striping obligated to provide workers' compensation coverage for Traffic Control's employees.
In the case sub judice we have a type of vertical hierarchy not present in Morris. Brasfield and FaBarc "secured" workers' compensation insurance for Crowe in keeping with the intent of Miss. Code Ann. § 71-3-7 (1972) and our holding in Doubleday. It cannot be seriously contested that if Model had not provided workers' compensation coverage, FaBarc or Brasfield would not have been liable for Crowe's workers' compensation benefits. Therefore, Morris is distinguishable and merits Crowe no relief.

CONCLUSION
We answer the certified question from the United States Court of Appeals for the Fifth Circuit in the affirmative. The exclusive remedy provisions of Mississippi's workers' compensation act do protect the general contractor and the subcontractor when the sub-subcontractor has workers' compensation insurance for its injured employees. Necessarily, this would mean that if the sub-subcontractor did not have the workers' compensation insurance, the injured employee could ascend the hierarchy to get workers' compensation coverage from the subcontractor immediately above his employer or further up until he received coverage.
CERTIFIED QUESTION ANSWERED.
*758 PRATHER, P.J., and JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
McRAE, J., dissents with separate written opinion joined by SULLIVAN, P.J., and PITTMAN and BANKS, JJ.
McRAE, Justice, dissenting:
Contrary to the majority's decision, I would find that pursuant to the Mississippi Workers' Compensation Act, the employee of a sub-contractor, who is injured on the job and receives compensation benefits from his immediate employer, may indeed pursue a negligence action against another sub-contractor or the general contractor. Under the facts of this case, neither the sub-contractor nor the general contractor are afforded immunity from suit and the employee or his employer, exercising its right to subrogate, may seek recovery against them. Accordingly, I dissent.
Appellee, Brasfield & Gorrie, was the general contractor for Gayfer's Department Store during construction of the Turtle Creek Mall in Hattiesburg. Brasfield subcontracted the structural steel work to Appellee, FabArc Steel Supply, Inc., who, in turn, subcontracted with Model City Erection to do part of the steel work. By its contract with Brasfield, FabArc was required to provide its employees with workers' compensation insurance. FabArc, likewise, required Model City to insure its employees. Brasfield, however, made no effort to require that sub-subcontractors insure their employees.
Crowe, an employee of Model City, was permanently injured while working on the Gayfer's project. Model City began paying compensation benefits to Crowe. Crowe filed a negligence action against Brasfield and FabArc, which would not only compensate him for injuries suffered but also provide his employer with an opportunity to recover what it had paid to him in benefits. The general contractor and sub-contractor, however, contend that they enjoy statutory immunity from a negligence action because FabArc required Model City to carry compensation insurance on its employees and it, indeed, did so.
Any individual or firm employing five or more workers "regularly in the same business or in or about the same establishment under any contract of hire, express or implied" is subject to the dictates of the Mississippi Workers' Compensation Act. Miss. Code Ann. § 71-3-5. Thus, Crowe's employer, Model City, was merely acting in accordance with the statutes in providing compensation insurance for its employees. Brasfield's contract with FabArc and FabArc's contract with Model City further required their subcontractors to do nothing more than the law already required.
Although Miss. Code Ann. § 71-3-9 sets forth workmen's compensation as an employee's exclusive remedy against his employer, § 71-3-71 grants the employee or his dependents the right to sue at law "any other party." Furthermore, § 71-3-71 also entitles an employer to join in an action brought by its injured employee and recover that compensation it has paid out to him. However, more than a decade of arbitrary interpretations of the statutory immunity provisions of the Workers Compensation Act, beginning with Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982), have limited the rights of both the injured employee and his insured employer to recover from the actual tortfeasor.
By and large, Doubleday's construction of the Act allows a general contractor to benefit even when it has assumed no responsibilities and paid no compensation insurance premiums, and when no compensation claim has even been made against it. Moreover, it unfairly limits the ability of the injured employee to recover damages in a negligence action against "any other party" and thwarts the right of the employer who has paid compensation benefits to subrogate against the party responsible for causing its employee's injuries.
In Doubleday, the majority found that where a prime contractor contractually required its subcontractors to carry insurance on its employees and the subcontractor had provided coverage for its employees, the prime contractor, under the circumstances of the case, was not "any other party," pursuant *759 to Miss. Code Ann. § 71-3-71, which could be sued by the injured employee of the subcontractor. 418 So.2d at 826-827. In that case, Doubleday, the injured employee of a subcontractor, sought to bring a negligence action against the prime contractor, whose alleged failure to warn oncoming traffic of the road construction project on which Doubleday was working was the proximate cause of injuries he received after being hit by a car. Doubleday's employer, the T.W. Ratliff Co., carried workers' compensation insurance for its employees as required under the terms of its subcontract with the prime contractor, Boyd Construction Company. Turning next to Mosley v. Jones, 224 Miss. 725, 80 So.2d 819 (1955), where a prime contractor was found to have protected itself from tort liability by providing workers' compensation insurance for employees of its subcontractors, the Doubleday Court concluded that Boyd similarly protected itself by contractually requiring its subcontractors to carry insurance on their employees. Doubleday, 418 So.2d at 826-827.
In Nash v. Damson Oil Corp., 480 So.2d 1095 (Miss. 1985) and Falls v. Mississippi Power & Light Co., 477 So.2d 254 (Miss. 1985), this Court reached a different result. Recognizing that a contractor could not gain tort immunity simply "by voluntarily electing to say it had compensation obligations which in fact and law it did not have," both decisions refused to find that the general contractors involved were statutory employers. Nash, 480 So.2d at 1100. In each case, we found that the subcontractors had provided insurance for their employees and further, that the defendant/appellees were not contractors as contemplated by Doubleday.
Both the majority and concurring opinions in Nash address the fallacy of Doubleday's emphasis on the general contractor's contractual requirement that the subcontractor provide compensation coverage for its employees. Noting Damson's assertion that it was entitled to immunity merely because it required the subcontractor, Trigger (Nash's employer), to provide compensation coverage, the majority in Nash observed:
The argument proves too much, for carried to its rational limits it would mean that any time A has a contractual relationship with B, A, by contract requiring B to secure compensation coverage for B's employees, would be entitled to the protections of the exclusiveness of liability provisions of the Act, even though A be a grievous tortfeasor.
Nash, 480 So.2d at 1100. As the concurring opinion further recognizes, regardless of any contract requirement, subcontractors as "employers" are required independently to procure coverage pursuant to the Workers' Compensation Act:
Doubleday emphasizes  and Damson Oil argues  that some significance ought to attach to the fact that the contract between the contractor [Boyd, MP & L, Damson] and the subcontractor [Ratliff, Deviney, Trigger] required each subcontractor to purchase and obtain in effect workers' compensation insurance. What this notion overlooks is that in each of these cases the subcontractor was independently obligated to secure compensation insurance. Each of these subcontractors is an "employer" within Mississippi Code Annotated § 71-3-3(e) who would have been statutorily obligated to afford compensation under the Act if the contract were wholly silent. Leaving the contract aside, each of these subcontractors would have been guilty of a misdemeanor had it failed to secure compensation and would have been subject to punishment by fine or imprisonment or both. Miss. Code Ann. § 71-3-83 (1972).
It is a complete fiction to suggest that the contractor in these cases has "secured" the payment of compensation to the injured employees of the subcontractors. In each of these cases, the compensation was secured by the subcontractor/employer. Under Section 71-3-7, the contractor need secure compensation only when the subcontractor has failed to do so. Since the subcontractors in these three cases did not default on their statutory obligations, the contractor's secondary obligation never matured. Therefore, the contractors were not "liable for" and did not "secure" the payment of compensation under Section 71-3-7.

*760 The fact that the employers acted above and beyond their statutory obligations by arranging for the subcontractor to provide compensation insurance (which the subcontractors were already statutorily obligated to do) is beside the point. Because the subcontractors met their Section 71-3-7 obligations, the contractors' duty was never triggered and the contractors therefore had no opportunity to default on or satisfy their statutory obligations.
Nash, 480 So.2d at 1103 (Sullivan, J., specially concurring). Justice Sullivan further suggested:
The most that may be said is that a contractor becomes an "employer" within the meaning of Section 71-3-7 when and only when  the subcontractor has defaulted on its statutory obligations. It follows that a contractor is an "employer" entitled to the immunity of Section 71-3-9 only when the subcontractor has defaulted on its statutory obligation and the contractor has stepped in and in fact secured the payment of compensation to the subcontractor's injured employee.
Id.
In the case sub judice, Model City did not default on its statutory obligations to Crowe. Neither Brasfield nor FabArc stepped in at any time to secure compensation for Crowe. Brasfield, we recall, did nothing even to require that Model City provide compensation insurance for its employees. Thus, because Model City acted responsibly and in accordance with the statutory mandate, it is precluded from subrogating against, as it should be able to do pursuant to § 71-3-71, the parties alleged to be responsible for Crowe's injuries and Crowe is wrongly limited in remedies he may seek. This hardly can be the result intended by the legislature. Accordingly, I dissent.
SULLIVAN, P.J., and PITTMAN and BANKS, JJ., join this opinion.
NOTES
[1] Section 440.10(1) states in part:

In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
[2] Edwards, unlike Crowe, also filed a negligence suit against the sub-subcontractor.
[3] Section 440.10(1) is Florida's equivalent to our Miss. Code Ann. § 71-3-7 (1972). See Doubleday v. Boyd Constr. Co., 418 So.2d at 826. Likewise, Section 440.11 is Florida's equivalent to our Miss. Code Ann. § 71-3-71 (1972). Notice that neither of the Florida statutes specifically addresses sub-subcontractors, sub-sub-subcontractors, etc.