Patsy BLACKWELL, et al. Plaintiffs

v.

METROPOLITAN LIFE INSURANCE COMPANY F/K/A/ New England Mutual Life Insurance Company; Fulton A. Jordan, Jr. D/B/A/ Jordan & Associates, et al. Defendants

No. CIV.A. 301CV523WS.

United States District Court, S.D. Mississippi, Jackson Division.

Dec. 28, 2001.

912

Christopher E. Sanspree, Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, Charles Gregory Thomas, C. Greg Thomas, PLLC, Jackson, MS, for Patsy Blackwell, Vivett Anderson, Geraldine L. Bell, Robert L. Boyd, Jr.

Christopher E. Sanspree, Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for

Annie M. Bryant, Joe L. Carter, Donnie L. Clark, Kimberly A. Conwill, Eurdle Cross, Mary J. Cummings, Cathy Davis, Stanley E. Davis.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for Murrel T. Anderson.

Christopher E. Sanspree, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for Billie C. Dickson, Tommie Duck, Edward E. Fletcher, Howard R. Flint, Patrick Ford, Bryan Gillespie, Barbara T. Graham, Leland R. Hall, Claire Harrison, Lisa L. Henderson, Willie J. Hood, Alberta Hubbert, Mattie A. Joiner, Kathryn E. King–Chappell, Jessie Lampley, James Mason, Randall McAlpin, Barry J. McNair, Charles J. Michel, Henry A. Moak, Sr., Mary Morrison, Bonnie Outlaw, James Patterson, Kenny Pittman, Barbara Prine, Barbara Remel, Joann Richardson, Arthur L. Scott, Shunessy L. Sherrod, Charles E. Sledge, Larry Smith, Gary Stevens, Nellie W. Anderson, Randall Atkinson, David Brand, George Bush, Wilma O. Childs, W.C. Clemons, Sadie Cotton, Takako Cross, Mary L. Curtis, Robin P. Davis, Wesley H. Davis, Brenda Donald, Barney E. Eaton, III, Leathia M. Fletcher, Donald Ford, Barbara Fowler, James Gillespie, Clayton Griffith, Billy Hankins, Havard Harrison, Jr., Veranice R. Hill, Kimberly Howard, Tyrone A. Jamison, Donald W. King, Danny Ladner, Denotra Logan, James Mason, II, Mike McDermott, Melody A. McNair, Bryant Miller, Jackie Moody, W.C. Morrison, Teresa Outlaw, Jerry Pittman, William N. Poole, Annette Purvis, Brian Richardson, Walter Roberts, Morris Shelton, James Smith, Jerry T. Sims, Jr., Willie Spann, Jr., Glenn Street, Renna B. Stuart, Jimmie L. Taylor, Bill R. Tew, Dennis Tuggle, John H. Underwood, Charles Walley, Bennie C. Washington, Theodore Washington, John M. Wellons, Jr., William R. Wilson, Edward G. Woodard, Irene

Hester, Joe L. Ladner, David Quinn Lingle, Myra Parkman, Gladys St. Amant, G. Hobson Toney, Hogan Allen, Agnes G. Tadlock, Lynn Tedford, Etta Mae Tucker, George Tullos, James J. Vaccaro, Sr., Levi Williams, Randa M. Wilson, Willie Washington, Linda Willons, Bruce C. Wimberley, James R. Allen, Sr., Bonnie Ladner, Joseph S. Ladner, Jimmy Dan Parkman, Thomas E. Phares, Jr., David G. Toney, Caryl Barnwell.

Sheryl M. Bey, Philip Williams Thomas, Alan Lee Smith, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Metropolitan Life Insurance Company.

## ORDER GRANTING REMAND

WINGATE, District Judge.

Before the court is the motion of the plaintiffs to remand this "vanishing premium" and insurance fraud case [1] to the Circuit Court for the First Judicial District of Hinds County, Mississippi pursuant to Title 28 U.S.C. § 1447(c).[2] The defendants removed the plaintiffs' state court complaint to this court pursuant to Title 28 U.S.C. § 1332,[3] 1441(a)[4], and Title 28 U.S.C. § 1446(b) which provides in pertinent part that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable." According to the defendants, pleadings submitted subsequent to plaintiffs' filing of their complaint show that the only true parties to this dispute are diverse in citizenship, and that the subsequently-filed "other papers" show that the defendants non-diverse in citizenship to plaintiffs were fraudulently joined and should be dismissed from this action.

The plaintiffs contest the defendants' reliance on the "other paper" provision, in this instance affidavits filed on behalf of the non-diverse insurance agents. By these affidavits, the non-diverse insurance agents state that they have never sold an insurance policy to any of the individuals listed in Exhibit "3" to the Defendants' Motion to Dismiss and that they have never knowingly made a fraudulent or false statement to any of the plaintiffs concerning the terms or performance of a New England whole life insurance policy.

1. Plaintiffs contend that the defendants sold them a form of "vanishing premium" policy where the premium would be paid from the value of the existing policy and with the interest or dividends earned. Plaintiffs say the defendants told them the value, interest and dividends would be sufficient to pay the premium, depending on the cost of future insurance rates. Plaintiffs filed this lawsuit when they discovered that the premiums either did not disappear or did not vanish forever.

2. Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

3. Title 28 U.S.C. § 1332 provides in pertinent part:

 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
 (1) citizens of different States; ...

4. Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Plaintiffs argue that "other paper" must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which would now support federal jurisdiction. *Addo v. Globe Life and Accident Insurance Company*, 230 F.3d 759, 762 (5th Cir.2000). In this case, say plaintiffs, the defendants filed their answer to the complaint stating that the non-diverse agents had been fraudulently joined in this case. Thus, say plaintiffs, the defendants should have known that the assertion of fraudulent joinder of the non-diverse agents would permit removal to this court at the time the defendants filed their answer in state court. Instead, plaintiffs complain, the defendants waited until several months after the thirty-day deadline under Title 1446(b)[5] had passed to remove, relying on affidavits attached by the defendants themselves to their own pleadings.

The defendants respond that the plaintiffs are incorrect when they argue that "other paper" must come from the plaintiffs. Notice triggering the "other paper" provision of 1446(b), say defendants, may come from receipt of whatever writing, even an answer to the plaintiffs' complaint by a co-defendant. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Defendants also argue that a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment, and that this court is authorized to use a summary judgment-like procedure for disposing of fraudulent pleading claims. *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th

Cir.2000). Based on this assertion, defendants also contend that a party opposing a motion for summary judgment must meet the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial. *See Keller v. Dravo Corporation*, 441 F.2d 1239, 1245 (5th Cir.1971), *cert. denied*, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972). Inasmuch as the plaintiffs failed to respond to the defendants' affidavits with counter-affidavits, defendants contend that their affidavits must be accepted by this court as true and that the plaintiffs' failure to respond must be deemed an admission by the plaintiffs that they are unable to assert a viable state claim against the non-diverse defendants. In order successfully to prove that non-diverse defendants have been fraudulently joined in order to defeat diversity, the removing party must demonstrate "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Sid Richardson Carbon & Gasoline Company v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5TH Cir.1996), citing *Cavallini v. State Farm Mutual Auto Insurance Company*, 44 F.3d 256, 259 (5th Cir.1995). Defendants contend that they have met this burden because the plaintiff failed to file counter-affidavits.

The defendants bear a very heavy burden when attempting to prove that non-diverse defendants have been fraudulently joined to defeat federal diversity jurisdiction. *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir.1997). As previously noted, the possibility that a

---

5. Title 28 U.S.C. § 1446(b) also provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within **thirty days** after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

cause of action under Mississippi law may be stated against the non-diverse defendants simply cannot exist if removal is to be found provident.

 Notwithstanding the defendants' affidavits and the plaintiffs' failure to respond to them, this court finds that the affidavits do not say enough to establish that there is no possibility the plaintiffs will be able to establish a state law claim against the non-diverse defendants. First, the affidavits state that the non-diverse defendants sold no policies to the plaintiffs listed at Exhibit "3". This list accounts for only forty-seven (47) of over one hundred (100) plaintiffs in this case. If only one plaintiff has a viable claim against a non-diverse defendant, this case would have to be remanded. Secondly, while the non-diverse defendants also say they made no false statements to any plaintiff, this assertion does not respond to the allegations contained in the plaintiffs' complaint that the non-diverse defendants concealed information, negligently misrepresented terms of the policies in question, and/or failed to disclose all the information the plaintiffs might have required to make a well-considered decision. Mississippi recognizes claims for negligent misrepresentation. *Spragins v. Sunburst Bank*, 605 So.2d 777, 780 (Miss.1992). Additionally, Mississippi recognizes that failure to disclose a material fact may constitute a knowing misrepresentation. *Mississippi Bar v. Mathis*, 620 So.2d 1213 (Miss.1993).

Therefore, this court concludes that the defendants have not met the heavy burden required for establishing fraudulent joinder. Accordingly, this court hereby remands this lawsuit to the Circuit Court for the First Judicial District of Hinds County, Mississippi.