Gerald (Jerry) Allen CULPEPPER and Mary Loyd Culpepper, Both Individually and as Co–Administrator/Co–Administrator of the Estate of Timothy L. (Loyd) Culpepper, Deceased, Plaintiffs,

v.

DOUBLE R, INC. D/B/A East Mississippi Tower Services, Inc., Professional Towers, Inc. D/B/A Pro–Com Communications, Inc., Nationwide Tower Company, Inc., and John Does 1–25, Defendants.

No. CIV. 4:02–CV–443LN.

United States District Court,
S.D. Mississippi,
Eastern Division.

Feb. 21, 2003.

———

William C. Hammack, Bourdeaux & Jones, Meridian, MS, Leonard B. Cobb, Justin Miller Cobb, Ray & Cobb, Meridian, MS, for Plaintiffs.

Louis B. Lanoux, William F. Ray, Watkins & Eager, Jackson, MS, James G. Wyly, III, Scott Timothy Ellzey, Deutsch, Kerrigan & Stiles, LLP, Gulfport, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiffs Gerald Culpepper and Mary Culpepper, individually and as co-administrators of the estate of Timothy L. Culpepper, to remand pursuant to 28 U.S.C. § 1447. Defendants Professional Towers, Inc. d/b/a/ Pro–Com Communications, Inc. (Pro–Com) and Nationwide Tower Company, Inc. (Nationwide) have responded in opposition to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

On September 5, 2002, plaintiffs filed this wrongful death and survivor action in the Circuit Court of Lauderdale County, seeking to recover damages on account of the death of Timothy Culpepper, who died on April 22, 2002 as the result of an accident while working for his employer, East Mississippi Tower Services (East Mississippi), on a tower construction project in Nebraska.[1] Plaintiffs, who are citizens of Mississippi, named as defendants Nationwide, a Kentucky corporation that they alleged was the general contractor on the Nebraska construction project; Pro–Com, a Texas corporation that they alleged had been subcontracted by Nationwide to, *inter alia,* install a heliax cable on the tower; and East Mississippi, which they alleged had been subcontracted by Pro–Com to perform a facet of the cable installation. Plaintiffs alleged that all these defendants were negligent and/or grossly negligent, and that their negligence proximately caused the accident and resulting death. With respect, in particular, to East Mississippi, plaintiffs alleged that although required to do so by statute as their decedent's employer, East Mississippi did not maintain workers' compensation insurance at the time of the accident, and they charged that East Mississippi was negligent, and breached its duty to provide their decedent a reasonably safe work environment. Pro–Com, joined by Nationwide, removed the case on October 23, 2003, taking the position in their notice of removal that East Mississippi has been fraudulently joined, and that there is, consequently, jurisdiction over this cause based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs promptly moved to remand, contending, *inter alia,* that East Mississippi is a proper party and has not been fraudulently joined so that there is, in fact, incomplete diversity and hence no jurisdiction based on diversity.[2]

1. According to the complaint, Culpepper was working on the tower about 1200 feet above ground when a hoisting cable failed, causing either the cable or a "headache ball" to strike him, leaving him seriously injured and dangling from the tower. By the time rescuers reached him twelve hours later, he had died.

2. Plaintiffs also assert that the removal was procedurally defective because the notice of removal was not timely filed in accordance with 28 U.S.C. § 1446(c) and because all of the defendants did not join in the notice of removal. The court finds it unnecessary to address these arguments since it concludes

A defendant removing an action to federal court on the basis of fraudulent joinder of a non-diverse defendant bears a heavy burden of proving fraudulent joinder by clear and convincing evidence. *Blackwell v. Metropolitan Life Ins. Co.*, 190 F.Supp.2d 911, 914 (S.D.Miss.2001). To successfully prove a non-diverse defendant has been fraudulently joined, the removing party must demonstrate that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the instate defendant in state court. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000). With this inquiry, all disputed issues of fact and uncertainties in the controlling state law are resolved in favor of the non-removing party. *Great Plains,* 313 F.3d at 312 (citing *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990)). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder." *Id.* (citing *Badon,* 236 F.3d at 286).

Pro–Com's and Nationwide's conclusion that East Mississippi has been fraudulently joined is premised on their argument that although East Mississippi is alleged to have had no workers' compensation coverage in place at the time of the accident, it still is the case that no judgment may possibly be rendered against East Mississippi on account of Timothy Culpepper's death since Pro–Com and/or Nationwide, one or both of which was Timothy Culpepper's statutory employer, had in place workers' compensation coverage which provides plaintiffs' exclusive remedy as against all the entities that are by statute liable for the payment of workers' compensation benefits. In this regard, Pro–Com and Nationwide rely upon Miss. Code Ann. § 71–3–7, which provides:

> In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the contractor, unless the subcontractor has secured such payment.

Thus by statute, when a true general contractor-subcontractor relationship exists, as contemplated by § 71–3–7, Mississippi deems the general contractor a statutory employer and requires the general contractor to secure workers' compensation payments for the employees of the subcontractor, if the subcontractor has not secured such compensation. *See Castillo v. M.E.K. Constr., Inc.,* 741 So.2d 332, 336 (Miss.Ct.App.1999).

Citing this statute, and citing, as well, *Richmond v. Benchmark Construction Corp.,* 692 So.2d 60, 63 (Miss.1997), and *Crowe v. Brasfield & Gorrie General Contractor, Inc.,* 688 So.2d 752, 755 (Miss. 1996), movants maintain that in a case such as this, where the contractor, as statutory employer, secures workers' compensation coverage for its subcontractor's employees, the exclusive remedy provision of the Workers' Compensation Act protects not only the statutory employer, but also the subcontractor.

For their part, plaintiffs argue that Pro–Com and Nationwide have failed to present any evidence to show that a general contractor-subcontractor relationship, in fact, existed such as would render either of those defendants a statutory employer within the meaning of § 71–3–7. They further contend, however, that even if either or both did qualify as a statutory employer, that still would not foreclose their tort claims against East Mississippi,

that the case must be remanded because East Mississippi has not been fraudulently joined.

particularly in light of Mississippi Code Annotated § 71–3–9, which provides as follows:

[I]f an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death.

More pertinently, plaintiffs point out that the Mississippi courts have never addressed the precise issue before the court, namely whether a sub-subcontractor which fails to provide the necessary coverage required under the Workers' Compensation Act enjoys the same immunity from tort liability that its contractor and/or the prime contractor, if either qualifies as a statutory employer, would enjoy where it had obtained the necessary coverage for the subcontractor's (or sub-subcontractor's) employees.[3] As plaintiffs acknowledge, the Mississippi Supreme Court did hold in *Richmond*, 692 So.2d at 63, and *Crowe*, 688 So.2d at 755—the cases upon which defendants rely—that the exclusivity bar applied to both the actual employer and the statutory employers. In those cases, however, the subcontractor, who was the actual employer, had fulfilled its duty to provide workers' compensation coverage, and the question was whether the statutory employers that had complied with § 71–3–7 by securing workers' compensation insurance or requiring the subcontractor to obtain coverage itself, were

entitled to the benefit of the bar. The court held they were, reasoning that the Mississippi Legislature did not intend to subject such contractors to common law liability if they had made provision for workers' compensation coverage for the subcontractor's employees. That is not the situation here presented, and the reasoning of the court in those cases does not readily apply to the circumstances involved in this case. Moreover, neither of those cases involved or addressed the issue of whether § 71–3–7 "trumps" the express authority set forth in § 71–3–9 for an injured party to proceed in tort against its employer who failed to secure workers' compensation coverage.

This court, as stated, is bound to resolve uncertainties in the controlling state law in favor of the plaintiffs, so that if there exists " 'arguably a reasonable basis for predicting that the state law might impose liability [against the nondiverse defendant] on the facts involved,' then there is no fraudulent joinder." *Great Plains*, 313 F.3d at 312 (citing *Badon*, 236 F.3d at 286). Here, resolving in plaintiffs' favor the uncertainty that exists under Mississippi law with regard to the issue presented, and recognizing that there exists an arguably reasonable basis for predicting that the Mississippi Supreme Court might find that an employer in the position of East Mississippi is not entitled to the protection of the Workers' Compensation Act's exclusivity provision, the court concludes that this case is due to be remanded.[4]

**3.** Plaintiffs acknowledge that they alleged that Nationwide was the general contractor on the job in question, that Pro–Com was Nationwide's subcontrator, and that East Mississippi was Pro–Com's subcontractor. Plaintiffs point out, though, that merely labeling an entity a "contractor" does not make it a "contractor" within the meaning of Miss.Code Ann. § 71–3–7; and they argue that defendants have failed to establish that a contractor-subcontractor relationship existed *as con-*

*templated by § 71–3–7.* Even assuming that defendants had presented evidence to prove that either or both of them was a statutory employer, for the reasons set forth *infra,* the court would still conclude that remand is required. Accordingly, it is unnecessary to further address this issue,

**4.** The court notes that while defendants contend that the Mississippi Supreme Court could not reasonably adopt plaintiffs' view of

743

Accordingly, it is ordered that plaintiffs' motion to remand is granted.

the law, at least one other court has done so. In *Matthews v. G & B Trucking, Inc.*, 987 S.W.2d 328, 329 (Ky.App.1999), the Kentucky Court of Appeals addressed this same issue under a workers' compensation statutory scheme similar to Mississippi's and found that "a subcontractor who fails to secure worker's compensation coverage is not entitled to the benefit of the exclusive liability provision, even if an 'up-the-ladder' contractor becomes liable for payment of benefits to the employee."